## BRISWALTER *v.* LONG.

*(Circuit Court, D. California. February 14, 1881.)*

**BANKRUPTCY—ADJUDICATION.**

 The district court has authority, under the bankrupt act, to adjudge a party a bankrupt, both as an individual and as the surviving partner of a firm.

*Smith, Glassell & Chapman,* for plaintiff.

*L. D. Latimer,* for defendant.

SAWYER, C. J. This is a demurrer to the answer. There is a defect in the answer which ought to be corrected,—I suppose a clerical error,—describing the proceedings to have been in "this court," being

the superior court of Los Angeles county, instead of in the district court of the United States for the district of California, as it should have been. With that correction I think the answer is good.

The point is whether the district court has authority under the bankrupt act to adjudge a person individually, and at the same time as surviving partner of a firm, to be a bankrupt. Undoubtedly, where the partnership is dissolved by the death of one of the partners, the surviving partner is entitled to wind up the partnership affairs. This is so at common law, and expressly so under the Civil Code. Nobody else could wind up the partnership affairs and collect the moneys due to the firm so well as he; therefore, the administration of the partnership assets is left in the hands of the surviving partner.

In this case Mr. Temple was adjudged a bankrupt on his own petition. He filed his petition both individually and as surviving partner of the firm of Temple & Workman, and was adjudged a bankrupt in his individual capacity and as surviving partner of that firm; the assignment was duly made of his individual property, and of the assets of the partnership, and the assets were afterwards administered in the court of bankruptcy. The question was raised in the district court by the plaintiff that no authority could be found for Temple to be adjudged a bankrupt as a surviving partner. The court, however, held otherwise, and adjudged accordingly. I think the court had authority to make that adjudication. Otherwise, I do not see how the affairs of the firm could be wound up, for nobody else had authority in the matter but Mr. Temple, as surviving partner. It was his business to close up the affairs of the firm, and pay off the indebtedness so far as he could. But he became bankrupt as an individual, and as a member of the partnership, and the district court took charge of his affairs. After becoming bankrupt, he could no longer act in settling up the partnership affairs. If the district court could not settle his affairs as surviving partner, as well as his individual matters, nobody else could.

The administrator had nothing to do with the matter except to receive the share of the surplus, if any there should be, after settlement of the partnership affairs belonging to the deceased partner. The powers of the court in bankruptcy upon an adjudication of bankruptcy are, necessarily, called into action. The court accordingly takes charge of the partnership assets, settles up the matters, and applies the partnership funds, so far as is necessary, to the partnership debts, and the portion of the surplus, if any, belonging to Temple goes to his personal assets, and are distributed to his individual

creditors, and the portion of the surplus belonging to the estate of the deceased partner is paid over to his administrator. If Temple could not longer act in the settlement, then nobody else was empowered to take charge of it but the district court. The district court, therefore, had jurisdiction to adjudge Temple bankrupt as surviving partner, as well as in his individual capacity, and had power to take charge and control of the partnership property; and having adjudged him a bankrupt in due form that judgment is valid. That being so, it disposes of the case, and the demurrer must be overruled upon the technical amendment being made to which I have called attention.