### In re RICHARDSON et al.

#### (District Court, D. Massachusetts. June 23, 1911.)

#### No. 17,086.

BANKRUPTCY (§ 84*)—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.
  Where a petition in involuntary bankruptcy was filed against an alleged partnership and its two members, the act of bankruptcy charged being the making of a general assignment, but it later appeared that there was no partnership, but that the business was owned and the assignment made by one defendant individually, it is within the discretion of the court to permit the petition to be amended by dismissing as to the partnership and the other defendant.

  [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 84.*]

In the matter of Asa W. Richardson and others, alleged bankrupts. On motion to amend petition. Granted.

A. H. Elder, for petitioning creditors.
John Herbert, for Richardson.

DODGE, District Judge. In this involuntary petition filed April 10, 1911, three persons alleging themselves to be creditors of Asa W. Richardson and Frank MacArthur, partners, having provable claims amounting to more than $500, represented that said Richardson and said MacArthur, both of Arlington, in this district, "being partners under the firm name of Asa W. Richardson," "had its principal place

of business (or resided or had his domicile) at Medford," in said district, "and owes debts to the amount of $1,000." The petition further represented that said Richardson and MacArthur, partners as aforesaid, were insolvent, and that within four months had committed an act of bankruptcy, "in that he did heretofore, to wit, on the 24th day of February, 1911, make an assignment for the benefit of creditors to John Herbert, Esq., of Boston." The prayer of the petition was that service might be made upon Richardson and MacArthur, partners as aforesaid, and that the said copartnership and partners, individually might be adjudged by the court to be bankrupt.

MacArthur appeared pro se, and has not answered the petition. An answer was filed April 28, 1911, on Richardson's behalf, in which he denied "that he is a partner or was a partner of said Frank MacArthur at the time of the filing of said petition, and that he has committed the act of bankruptcy set forth in said petition." He averred further that he should not be declared bankrupt for any cause alleged in the petition as a partner of said Frank MacArthur.

On May 1, 1911, the issues raised by this answer were referred to ascertain and report the facts. The referee reported on May 15, 1911, that although the two alleged bankrupts had agreed in April, 1909, to form a partnership, they rescinded this agreement later in the same month, agreed instead that the contemplated business should be carried on by Richardson, at his sole risk, and that MacArthur should be employed by Richardson at so much per week and half profits if there should be any; that MacArthur had never taken any part in the business thereafter carried on by Richardson save that of employé: that Richardson had never held himself out to creditors as a partner; and that, so far as known to Richardson, no creditors supposed that any partnership existed. The referee further found that Richardson individually had made and signed the assignment to Herbert, and that it did not purport to be MacArthur's assignment. The report concluded with the finding that Richardson was not a partner of MacArthur, and that MacArthur and Richardson as partners had made no assignment as alleged in the petition.

On May 10, 1911, the petitioners asked leave to amend by striking out MacArthur's name and all reference to the partnership and all reference to Richardson as a partner from their petition, so that it should be against Richardson only. They alleged that they had been misled into believing that there was a partnership by representations made at a meeting of creditors by MacArthur and on Richardson's behalf. They had made no attempt to dispute any finding of the referee.

I find no reason to doubt that the petitioners, when they filed their petition, honestly believed, and were not without reason for believing, that Richardson and MacArthur had been partners in the business referred to, and were both liable as such to them for debts therein incurred. That Richardson alone conducted the business, incurred the debts, and made the general assignment now appears from the Referee's report. Such an assignment is an act of bankruptcy without proof that the maker of it was insolvent at the time, and Rich-

ardson's answer to the petition does not deny the allegations of his insolvency. If the petition had been brought against him alone, the petitioners would be entitled to have him adjudicated bankrupt. "The power of a court of bankruptcy over amendments is undoubted, and rests in the sound discretion of the court." Armstrong v. Fernandez, 208 U. S. 324, 330, 28 Sup. Ct. 419, 52 L. Ed. 514. In the petition as filed, the adjudication of Richardson individually was asked for, though the adjudication of the alleged partnership and of MacArthur was also asked for. The proposed amendment will thus effect no greater change than to let the petitioners proceed as if part only of what their petition seeks had been originally sought, without regard to the remainder; and it may therefore be said that the substance of the amendment is already in the petition. The allowance of such an amendment seems to me in furtherance of justice, unless it can be clearly shown that some provision of the act or some principle of bankruptcy law would be violated. It can hardly be said that a greater change in the nature of the proceedings is made by it than by the amendment allowed in Hark v. C. M. Allen Co., 146 Fed. 665, 77 C. C. A. 91, where, in order to make the petition correspond with the facts as ascertained upon trial, it was amended so as to charge a preference instead of a fraudulent concealment as the act of bankruptcy.

The decision mainly relied on in opposition to the amendment is In re Mercur (D. C.) 116 Fed. 655, affirmed on appeal in the Third Circuit, 122 Fed. 384, 58 C. C. A. 472. Two partners had in that case been adjudicated bankrupts in distinct proceedings against them individually. Adjudication of their firm had neither been asked for nor made. A trustee of each estate had been appointed, and each partner had been discharged. More than two years after the filing of the petition a firm creditor petitioned for adjudication of the firm, to be made as of the date of the individual adjudications. This it was held, could not be allowed by way of amendment, because it involved recasting and transforming all that had been done. The differences between the state of facts there presented and that here presented are obvious. Nothing has here been done but to ascertain that there was no partnership, and that one only of the alleged bankrupts is liable to adjudication.

The court held in Re Mercur that because the partners had both been brought into court it did not follow of necessity that the partnership had also been brought into court. A partnership, it was said, is, under the present bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418])—

"a distinct entity, which requires a petition specifically directed against it, alleging an act of bankruptcy in which it is expressly involved, and resulting in an adjudication of the partnership itself, irrespective of and in addition to any that may be made against the individual members. * * * If a partnership is intended to be reached, the petition and the proceedings should be appropriate to that end. If only the individual members, they should be governed by that circumstance. This is something more than a mere matter of form. It goes to the substance of the proceedings, involving, as it does, the question of notice, and the rights of the parties to be affected."

The above quotations from the District Court's opinion (116 Fed. 658, 659), which was approved and adopted by the Court of Appeals (122 Fed. 387–390, 58 C. C. A. 472), whether or not fully in accord with Judge Lowell's decision in Re Forbes (D. C.) 128 Fed. 137, thus far uniformly followed in this court, do not seem to me to forbid the allowance of the amendment under consideration. The petitioners here never sought to reach the supposed partnership alone, or its individual members alone. What they asked was adjudication of the supposed firm and also of its members, in accordance with Re Forbes. Now that it is settled that there was no partnership, I see no sufficient reason for holding that adjudication of one of the individuals at first supposed to be members cannot be had except upon a new petition against him alone.

The petition to amend is granted.