## In re YOUNG et al.

### (District Court, D. Massachusetts. April 2, 1915.)

### No. 21420.

**1. BANKRUPTCY ☞149—PARTNERSHIP—DISSOLUTION OF FIRM—RIGHTS OF CREDITORS.**

Where a firm is dissolved, and a partner sells his interest therein to the copartner, who is adjudged a bankrupt, the firm creditors may, as against individual creditors, have the firm property applied in the first instance to the payment of their debts in the settlement of the estate of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig. ☞149.]

**2. BANKRUPTCY ☞62—ADJUDICATION OF PARTNERSHIP AS BANKRUPT.**

A partnership cannot, after its dissolution and so long as there is a solvent former partner, be adjudicated a bankrupt, even under Bankr. Act July 1, 1898, c. 541, § 5a, 30 Stat. 547 (Comp. St. 1913, § 9589).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 57; Dec. Dig. ☞62.]

**3. BANKRUPTCY ☞84—INVOLUNTARY PETITION—AMENDMENTS—ALLOWANCE.**

A petition in involuntary bankruptcy against a firm and the partners may, on it appearing that the firm had been dissolved and that a partner had transferred his interest therein to a copartner, be amended by striking out the firm and the partner, so that proceedings to adjudicate the copartner a bankrupt may be had, as against the objection of the partner having claims against the copartner coming into existence after the filing of the original petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ☞84.]

In Bankruptcy. In the matter of Edward O. Young and others, alleged bankrupts. Adjudication of bankruptcy ordered against one Hyde.

Thomas F. Dolan and John J. Cummings, both of Boston, for petitioning creditors.

Stewart & Rand, of Boston, for respondent Young.

MORTON, District Judge. **[1, 2]** After the firm had been dissolved and Young had transferred his interest in its property to Hyde, the latter became the sole owner of what had formerly been the partnership property. As between his individual creditors and the partnership creditors, the right of the latter to have the partnership property applied in the first instance to the payment of their debts, was thereafter to be worked out in Hyde's estate. In re Suprenant (D. C.) 217 Fed. 470. I do not think that in this district a partnership can be adjudicated bankrupt, even under section 5a of the Bankruptcy Act, and after its dissolution, as long as there is a solvent partner, or former partner. There can therefore be no adjudication against the firm.

**[3]** The question, then, is whether this petition shall be dismissed, or whether the petitioners shall be allowed to amend by striking out the firm and Young as respondents and proceeding to adjudication

against Hyde alone. Hyde consents to the latter course; nobody objects to it, except Young. The court has power to allow such an amendment, and exercised it against objection in a somewhat similar case. Re Richardson (D. C. Mass.) 192 Fed. 50.

The ground of Young's opposition is that he has claims against Hyde which have come into existence after the date of this petition, and therefore, it is feared, cannot be proved in this bankruptcy. When Young sold out to Hyde, in August, 1914, the consideration which he received was Hyde's agreement to pay for Young's interest such sum as should be fixed upon an appraisal thereof, and to assume the firm debts. Subsequently Young and Hyde got into litigation concerning this amount in the state courts, as a result of which Hyde has paid to Young half of the $15,000 which was found to be due and has given notes for the balance. He has also executed an agreement to indemnify Young against the firm debts. These notes and the agreement were made after the date of the present petition, and are the reason for Young's objection to Hyde's adjudication on it. On the other hand, the petitioning creditors will be decidedly worse off, if the petition be dismissed, than if it be amended and adjudication ordered aganst Hyde.

If the petitioning creditors had, in the first instance, proceeded against Hyde alone, they would presumably have obtained an adjudication. It was by no means clear to them, at the time when the petition was filed, what was the proper course to pursue. They were in doubt about the law, and perhaps, also, to some extent, about the facts. They acted in entire good faith, and their uncertainty as to the law was not without excuse. As soon as the true situation was made evident, they offered to drop the proceedings against the firm and Young, by amendment to that effect, before the completion of the hearing before the referee. Young at that time objected, and insisted on his right to have the case heard and the petition dismissed on the merits as to him. His position was sustained, the hearings were completed, and the referee now reports that as to Young and the firm the petition should be dismissed. Owing to the imperfect manner in which the case was tried before the referee, his statement of facts is meager and incomplete. As I construe it, sufficient appears to support an adjudication against Hyde.

Under all the circumstances, it seems to me proper to conserve the interests of the petitioners, rather than of Young.

The petition is dismissed as to Young and the firm. It is retained as against Hyde alone, and may be amended by striking out the names of the firm and of Young. Upon such amendment, adjudication is ordered against Hyde.