## In re WELLS.

(District Court, S. D. Ohio, W. D. April 12, 1924.)

### No. 6475.

1. Bankruptcy ⊕=42, 69—Partnership may be adjudicated bankrupt, irrespective of any adjudication of bankruptcy against individual members.

A partnership is to be regarded as such an entity as to justify an adjudication of bankruptcy against it as such, irrespective of any adjudication of bankruptcy against its individual members.

2. Bankruptcy ⊕=42—Partnership can be adjudicated bankrupt after death of member.

In view of Bankruptcy Act, §§ 1, 5a (Comp. St. §§ 9585, 9589), providing for bankruptcy proceedings against a partnership business after dissolution of firm and Gen. Code Ohio, § 8088 et seq., providing for the conduct of a partnership business after death of one partner by surviving partner, a partnership can be adjudicated a bankrupt after the death of a partner on petition of surviving partner, notwithstanding administration of deceased partner's estate in state court, since in such case the administrator of the deceased partner may be required to pay any surplus remaining after the payment of the individual debts to the trustee in bankruptcy of the partnership for the payment of partnership debts.

3. Bankruptcy ⊕=309—Partners cannot prove debts due them individually in administration of partnership estate.

Ordinarily partners cannot prove debts claimed to be due to them individually from the partnership in the administration of the partnership estate.

4. Bankruptcy ⊕=42—Partner not estopped from filing petition in bankruptcy by assenting to appointment of receiver in state court.

A partner was not estopped from filing a petition in bankruptcy to have the partnership adjudged a bankrupt by reason of his assent to the appointment of a receiver in the state court.

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Albert O. Wells, as surviving partner of Albert O. Wells and E. E. Wells, doing business as A. O. Wells, bankrupt. On motion to dismiss petition. Motion overruled.

Johnson & Jones, of Ironton, Ohio, for the motion.

O. E. Irish, of Ironton, Ohio, opposed.

HICKENLOOPER, District Judge. For some time prior to the dates hereinafter mentioned Albert O. Wells and E. E. Wells, both of the city of Ironton, Ohio, were engaged in the transaction of a partnership business under the name of A. O. Wells. E. E. Wells died on February 2, 1924, and on February 19, 1924, Albert O. Wells filed a petition in the court of common pleas of Lawrence county to have a receiver appointed to administer the partnership property as upon dissolution, and one D. C. Davies was named as receiver by the state court. On the same day Frances Wells, widow of E. E. Wells, was appointed administratrix of his estate by the probate court of Lawrence county. On February 27, 1924, A. O. Wells, not being satisfied with the expedition displayed by the state receiver, who had done nothing more than take formal possession of the property, filed his petition in voluntary bankruptcy as surviving partner. Adjudication was made on February 27, 1924, and a trustee in bankruptcy was subsequently elected, who took actual possession of the partnership property; A. O. Wells, individually, being without estate. The trustee in bankruptcy is proceeding to administer the estate, and has advertised for sale, not only the partnership assets, but also certain real estate standing in the name of E. E. Wells.

Answers were filed in the case by Frances B. Wells, administratrix, and by the Iron City Savings Bank, a creditor both of the partnership and of E. E. Wells individually, and on March 13, 1924, the Iron City Savings Bank filed its motion to dismiss the petition in bankruptcy on the ground that the court was without jurisdiction to adjudicate a partnership a bankrupt, where one of the partners had died prior to the filing of the petition and the partnership had thus been dissolved, and upon the further ground that A. O. Wells was estopped from filing a voluntary petition in bankruptcy by the fact that he had theretofore petitioned the state court for the appointment of a receiver to wind up the partnership affairs. This motion we construe to be a motion on behalf of a creditor to set aside the adjudication already made, and thereafter to dismiss the debtor's petition.

Without commenting upon the apparent absence of right in a creditor of a proposed voluntary bankrupt to file answer in opposition to his petition for adjudication (In re Jehu et al. [D. C.] 94 Fed. 638; In re Ives [C. C. A. 6] 113 Fed. 911, 51 C. C. A. 541), and without passing upon the question of whether the attack in the instant case goes to the jurisdiction of the court, and the apparent absence of the right to have the adjudication vacated, except on a ground which goes to such jurisdiction (In re S. & S. Mfg. & Sales Co. [D. C. Ohio] 246 Fed. 1005, 1008), we pass to a consideration of the question principally argued, namely, whether a petition in bankruptcy can be filed by the surviving partner or partners, or against the partnership as an

entity, where one of the partners has died prior to the filing of such petition.

It may be conceded at the outset that one already deceased cannot be adjudicated a bankrupt, nor can the property of such decedent be administered in the courts of bankruptcy. It may also be conceded, as was said in Francis v. McNeal, 228 U. S. 695, 701, 33 Sup. Ct. 701, 703 (57 L. Ed. 1029, L. R. A. 1915E, 706), that:

"If, as in the present case, the partnership and individual estates together are not enough to pay the partnership debts, the rational thing to do, and one certainly not forbidden by the act, is to administer both in bankruptcy."

In this case the court also comments upon section 5 of the Bankruptcy Act (Comp. St. § 9589), saying:

"But we do not perceive that the clause imports that the partnership could be in bankruptcy, and the partners not."

This decision was not upon the identical point here presented, but upheld the order of the District Court, directing that the separate estate of a member of a firm which had been adjudicated bankrupt be turned over to the trustee for administration. We do not, therefore, consider the dicta last above quoted as precluding the possibility of the adjudication of a partnership in every case where one of the partners cannot be so adjudicated, or where the private estate of such partner cannot be administered in the bankruptcy court. It is upon the inability of the bankruptcy court to administer the estate of E. E. Wells that the present argument against the validity of the adjudication of the partnership, as such, is founded.

Section 1 of the Bankruptcy Act (Comp. St. § 9585) specifically provides that "persons" shall include partnerships; and section 5a provides that:

"A partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt."

General Code Ohio, § 8088 et seq., provides the machinery for the conduct of a partnership business after the death of one partner, and for the purchase of the partnership property by the surviving partner; otherwise, a receiver must be appointed to wind up the partnership affairs. The precise question here involved is whether partnerships constitute such independent entities as to be susceptible of adjudication without regard to the adjudication of the individual partners comprising the firm. In the case of Francis v. McNeal, supra, the court recognizes the firm as an entity "for certain purposes, the most important of which, after all, is the old rule as to the prior claim of partnership debts on partnership assets and that of individual debts upon the individual estate." While it is there stated that, when it can be done, the partnership and individual estates both were to be administered in the bankruptcy courts, the prime reason for recognizing the firm as an entity is not negatived, nor the advantage lost, if it be held that the individual estate of the surviving partner and the partnership estate shall be administered in the bankruptcy court, while the estate of the decedent is administered in the probate court. In such event partnership

debts are given a prior claim on partnership assets, and the individual debts of the decedent upon his individual estate.

[1] Nor does the converse, that a partnership may not be adjudicated a bankrupt as long as there are solvent partners, in the sense that the individual estates of such partners are sufficient to pay their individual and the partnership debts, establish the rule that such partnership may not be adjudicated, except and unless the administration of the individual estates of the partners may be drawn into the bankruptcy court. Conceding that, if there be such solvent partners in the sense above mentioned, an adjudication will be denied (Vaccaro v. Security Bank [C. C. A. 6] 103 Fed. 436, 43 C. C. A. 279), yet we feel that, in this circuit, at least, the courts are now firmly committed to the holding that a partnership is to be regarded as such an entity as to justify an adjudication of bankruptcy against it, as such, and irrespective of any adjudication of bankruptcy against its individual members. This position was suggested in the case of Vaccaro v. Security Bank, supra, at page 442 (43 C. C. A. 285), as a question which it was not necessary there to decide, and was subsequently expressly so held by Mr. Justice Lurton (then Circuit Judge) in the case of Mills v. J. H. Fisher & Co., 159 Fed. 897, 899, 87 C. C. A. 77, 16 L. R. A. (N. S.) 656 (C. C. A. 6), and by Judge Warrington in the case In re Telfer (C. C. A. 6), 184 Fed. 224, 106 C. C. A. 366. See, also, In re Meyer et al. (C. C. A. 2), 98 Fed. 976, 39 C. C. A. 368, and In re L. Stein & Co. (C. C. A. 7), 127 Fed. 547, 62 C. C. A. 272.

It is true that the cases decided by the Sixth Circuit Court of Appeals do not present a question of the right to adjudicate the partnership where one of the partners had died, but in the case of In re Meyer, supra, this situation did exist, and the case has been repeatedly cited in this circuit. In the case of In re L. Stein & Co., the court says, at page 549 (62 C. C. A. 273):

"And so it has been held that a copartnership may be adjudged a bankrupt, after the death of one partner, upon an act of bankruptcy committed by the surviving partner, and that the adjudication of bankruptcy of a copartnership does not necessarily draw into the proceeding the estate of every individual member."

[2] Suffice it to say that, inasmuch as the Bankruptcy Act provides for an adjudication after the dissolution of the partnership, and since the General Code of Ohio contemplates the continuance of the partnership as an entity after the death of one of the partners, with the right of the surviving partner to administer the business and to purchase the partnership assets, we can see no marked difference of situation between a case of dissolution by consent of the partners and a case of dissolution by death, except that in the latter the administration of the decedent's estate cannot be effected in the bankruptcy court. And inasmuch as the administratrix of the decedent's estate may be required to pay any surplus remaining after the payment of individual debts to the trustee in bankruptcy of the partnership for the payment of partnership debts, or to so apply such surplus, and, since the total assets of the partnership, the surviving partner, and the

decedent are insufficient to pay personal and partnership debts, we can see no prejudice arising from the adoption of this procedure.

The question is not wholly free from doubt, and we are aware of some holdings contrary to the views here expressed. Thus, in the case of In re Evans (D. C., Georgia) 161 Fed. 590, the court expresses the broad opinion that after the death of one of the partners no bankruptcy proceedings could thereafter be instituted against this partnership entity. But no cases are cited to support this broad ruling, and as the petition was filed by the survivor "doing business under the name of Evans & Co.," and it was sought to bring in other alleged partners by subsequent proceedings, the question we are now considering was not directly raised. Likewise the case of Dalton v. Humphreys (C. C. A. 4) 242 Fed. 777, 155 C. C. A. 365, while recognizing that in the case of the death of a partner the title to the partnership's estate vested in the surviving partner, with the right to make bona fide disposition thereof, seemingly disapproves the argument of complete independent entity, but in this disapproval we have concurred. The District Court of Massachusetts, in the case of In re Young, 223 Fed. 659, has also broadly held that a partnership cannot "be adjudicated bankrupt, even under section 5a of the Bankruptcy Act, and after its dissolution, as long as there is a solvent partner, or former partner." This language, it would seem, must be limited to the doctrine of Vaccaro v. Security Bank, supra, in the sense that a solvent partner means one who can discharge both his own and the partnership debts. A number of other cases under the Bankruptcy Acts of 1867 (14 Stat. 517) and 1841 (5 Stat. 440), holding that a partnership cannot be adjudicated apart from the adjudication of its members, are to be distinguished upon the differences between the present and these earlier acts. See In re Telfer, supra.

[3] We are not cited to any other express holdings in support of the motion. As against the holdings above cited we have the decision of the District Court for the District of Washington in the case of In re Pierce, 102 Fed. 977, to the effect that, upon the filing of the petition in bankruptcy by one individually and as surviving partner, the bankruptcy court has complete jurisdiction over the partnership estate, provided possession of the assets can be obtained by the referee without forcibly interfering with property in the legal custody of an administrator, and the case of In re Meyer, supra, in which one of the partners had died prior to the filing of the petition. Other cases might be disclosed upon more thorough search than the court has been able to make. Although under the act of 1867, the case of Briswalter v. Long (C. C. Cal.) 14 Fed. 153, recognizes the right of an individual to an adjudication in bankruptcy, both as an individual and as the surviving partner of a firm. It only remains to observe that ordinarily partners cannot prove debts claimed to be due to them individually from the partnership in the administration of the partnership estate. In re Telfer, supra, at page 232 (106 C. C. A. 374), and cases there cited. This follows, since the debts of the partnership are the debts of the partners, and one would thus be claiming payment for the debt which it was his obligation to discharge. Nor is the firm

298 F.—8

bound to pay the individual debt of one of the partners merely from the fact that funds obtained by the individual when the debt was created can be traced into the hands of the partnership. In re Stringer (D. C. N. Y.) 234 Fed. 454, 458, affirmed Stringer v. Stevenson, 240 Fed. 892, 153 C. C. A. 578.

It would seem apparent, therefore, that as to the personal debt of E. E. Wells, secured by mortgage upon his homestead, foreclosure proceedings cannot be effected in the bankruptcy court. Neither the real estate, the mortgage to secure this debt, nor the debt itself should be scheduled by the bankrupt. As has been said, any surplus of the decedent's estate remaining after the payment of his personal debts, which have the first claim to his individual assets, can be recovered by the trustee for the satisfaction of partnership debts. If no such surplus remains, the bank could not claim a deficiency judgment against the partnership, as there was apparently no intention at the time of the loan that it was to be considered as made to the partnership.

[4] We are not impressed with the argument that A. O. Wells is estopped from filing a petition in bankruptcy by reason of his assent to the appointment of a receiver in the state court. While creditors who have assented to similar disposition of the estate of an insolvent are estopped to file an involuntary petition, no case has been cited to sustain the estoppel of the bankrupt himself. The absence of any such authority leads strongly to the conclusion that no such estoppel is created under such circumstances.

We are therefore of the opinion that the bankruptcy court may continue the administration of the partnership assets and of the individual estate of A. O. Wells, and that the executrix shall administer the individual estate of E. E. Wells, as above indicated. The partnership assets being already in the hands of the trustee in bankruptcy, we are of the opinion that the rule of comity which precludes a court of bankruptcy from interfering with the possession of assets of the bankrupt estate in the actual custody and control of a state court of competent jurisdiction does not here apply.

The motion must be overruled.