SELDEN E. NICHOLS, Appellant, *v.* LEWIS W. EMERSON and Another, as Executors, etc., of JAMES EMERSON, Deceased, Respondents.

Third Department, September 12, 1924.

Bankruptcy — limited partnership — trustee asserted that defendants' testator, limited partner, became general partner in certain counties wherein business was conducted without filing copies of certificate as provided by Partnership Law, § 90 — at meeting of creditors attended by plaintiff compromise offered by defendants as executors was accepted — no appeal was taken from order authorizing settlement — bankruptcy court had jurisdiction and plaintiff is bound by order — present action cannot be maintained against estate of limited partner to recover claim.

An action cannot be maintained against the estate of a limited partner to recover on a claim against the partnership on the theory that the limited partner became a general partner because of the failure to file copies of the certificate in the county wherein the business out of which the claim arose was transacted, as required by section 90 of the Partnership Law, where it appears that, after the death of the limited partner, the surviving members of the partnership, individually and as copartners in the firm, were adjudicated bankrupts and the trustee asserted that the estate of the limited partner was liable on the theory

stated and the executors of that estate offered a certain amount in settlement of the alleged liability, which offer was accepted at a meeting of the creditors which was attended by the plaintiff or his attorney, and an order was made in the bankruptcy court authorizing the trustee to deliver to the executors a general release upon receiving the stipulated sum and said sum was paid and the release was delivered and no appeal was taken from the order.

The bankruptcy court was acting within its power in making the order in question and the plaintiff, having appeared at the creditors' meeting and participated in the proceeding without objection to the jurisdiction of the court, is bound by the settlement.

APPEAL by the plaintiff, Selden E. Nichols, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 4th day of December, 1923, upon the decision of the court, dismissing the complaint on the merits, rendered after a trial before the court without a jury.

On February 4, 1920, Arthur W. Kohler, Lawrence H. Bremer and James A. Emerson, the defendants' testator, formed a limited partnership under article 8 of chapter 408 of the Laws of 1919, known as the Partnership Law. Pursuant to section 90 of that act they filed in New York county, where the principal place of business of such partnership was to be located, the certificate required by the statute stating that the name of the partnership was to be Kohler, Bremer & Co.; that the general nature of the business to be transacted was buying, selling and dealing in stocks, bonds and other property; that the said Kohler and Bremer were to be general partners and the said Emerson a special partner and that the partnership was to begin March 1, 1920, and terminate February 28, 1923. Thereafter the said limited partnership opened a branch office in Albany, N. Y. Said section 90 of the Partnership Law as it then existed contained the following provision: " If the partnership has places of business situated in different counties, a copy of the certificate, and of the acknowledgment thereof, certified by the clerk in whose office it is filed, under his official seal, shall be filed and recorded in like manner, in the office of the clerk of each such county." * The firm of Kohler, Bremer & Co. did not comply with that statutory provision, no copy of its partnership certificate having been filed in Albany county. On January 30, 1922, James A. Emerson died. Plaintiff was then a creditor of the firm through dealings at its Albany branch office. In February, 1922, Kohler and Bremer individually and as copartners in said firm were adjudicated bankrupts and a trustee in bankruptcy was duly appointed and qualified as such. Such trustee

---

* Since repealed by Laws of 1922, chap. 640, adding to Partnership Law a new art. 8, known as the Uniform Partnership Act. See Partnership Law, §§ 91, 119, subd. 2, as added by Laws of 1922, chap. 640.— [REP.

asserted the liability of Emerson as a general partner because of his failure to file copies of the said certificate in the various counties where the firm had branch offices. The defendants, as executors of the Emerson estate, offered said trustee $75,000 in settlement of said alleged liability. A meeting of the creditors was duly called, which was attended by the plaintiff or his attorney, who took part in the deliberations, and a majority of such creditors, both in number and amount, voted in favor of the proposed compromise. An order was thereupon made in the bankruptcy court authorizing the trustee to deliver to the defendants a general release of all claims and demands against the said Emerson estate upon receiving the said sum of $75,000. This amount was paid by the defendants and the release was delivered by the trustee in bankruptcy. No appeal was taken from said order of the bankruptcy court. The plaintiff now brings this action to recover the amount of his said claim.

*Thomas F. McDermott*, for the appellant.

*Henry W. Williams*, for the respondents.

COCHRANE, P. J.:

The plaintiff in his brief states his position as follows: " The plaintiff's theory of recovery is that James A. Emerson is liable as a general partner to the creditors of the branch office at Albany, for the reason that the certified copy of the Certificate of Copartnership was not filed in Albany County Clerk's office as required by Section 90 of the Partnership Law." In support of this proposition he relies on the case of *O'Connor* v. *Graff* (186 App. Div. 116; affd., 230 N. Y. 552) where it was held that a failure to file a certified copy of the limited partnership certificate in a county where the partnership has a branch place of business rendered the limited partner liable as a general partner to creditors transacting their business at such branch office. The plaintiff then urges, as of course he must, that the proceedings in the bankruptcy court were a nullity or in other words that such court had no jurisdiction to make the order authorizing a settlement by the trustee in bankruptcy with these defendants. With the wisdom or propriety of that order we are not concerned, but if that court had jurisdiction to authorize the settlement such action was conclusive on the firm creditors. That the bankruptcy court was acting within its power is firmly established by authority. (*Armstrong* v. *Fisher*, 224 Fed. Rep. 97; *Fort Pitt Coal & Coke Co.* v. *Diser*, 239 id. 443; *Carter* v. *Whisler*, 275 id. 743; *Bear* v. *Liberty Nat. Bank*, 285 id. 703; *Meek* v. *Centre County Banking Co.*, 292 id. 116.) The case last cited, like the present one, involved the estate of a partner who died before the bankruptcy proceedings. It was there held that the

bankruptcy court could draw to itself any surplus of the estate of the deceased partner applicable to the payment of the partnership debts. The plaintiff has no reply to these authorities except to call our attention to section 1, subdivision (6), of the Bankruptcy Law (30 U. S. Stat. at Large, 544) which defines corporations as including "limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association," and to argue therefrom that as this limited partnership under the statute is to be treated as a corporation the authorities above cited are not applicable. In this argument the plaintiff is strangely inconsistent. In order to bring himself within the *O'Connor Case* (*supra*) he argues that this limited partnership was not "organized under laws making the capital subscribed alone responsible" for its debts. As above mentioned, he states his theory that Emerson "is liable as a general partner." He so alleges in his complaint. It is because the partnership did not comply with the laws limiting its liability that Emerson became liable if at all as a general partner. If, as the plaintiff contends, Emerson was a general partner within the doctrine of the *O'Connor* case, which is a very essential element of the plaintiff's case, his status must remain the same under each phase of the plaintiff's case. Plaintiff cannot claim in order to establish one branch of his case that Emerson was a general partner and in order to establish another branch of his case that he was a limited partner. Furthermore, the bankruptcy court had jurisdiction to determine the status of Emerson as a partner. In *Francis* v. *McNeal* (228 U. S. 695) Francis denied that he was a partner, but the bankruptcy court held that he was and ordered his separate estate to be turned over to the trustee in bankruptcy for administration. This order was affirmed. That case, therefore, is a clear authority to the effect that the bankruptcy court in this case was acting within its power. The defendants did not question its jurisdiction. They voluntarily went into that court with the assets of their estate for the purpose of settlement. The court assumed jurisdiction as under the authorities it had a right to do. The plaintiff was a party and participated in that proceeding. He now tells us he objected thereto, but it nowhere appears that he objected to the jurisdiction of the court. His objection may have been to the inadequacy of the settlement. But his objection, however made, is now of no consequence. That was a matter for the consideration of that court. No appeal was taken and its action became binding on the creditors including the plaintiff.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.