**In re TARLINSKY et al.**

(District Court, S. D. Florida. June 22, 1926.)

No. 3024.

**1. Bankruptcy ⊂⊃81(3)—Abbreviated statement of nature and amounts of claims of petitioning creditors held sufficient.**

Abbreviated statement in involuntary petition of the nature and amount of claims of petitioning creditors, which shows the name of each creditor, the amount of his claim, and that it is due on open account for merchandise, *held* sufficient.

**2. Bankruptcy ⊂⊃81(4).**

Statement of act of bankruptcy by making payments to creditor with purpose and effect of preferring him *held* sufficient.

**3. Bankruptcy ⊂⊃81(1).**

That involuntary petition was entitled "In United States Court," omitting the word "District," *held* not ground for dismissal.

**4. Bankruptcy ⊂⊃114(1).**

Bond by petitioning creditors, under seal, signed by attorney in fact, without showing his authority under seal, *held* insufficient.

**5. Bankruptcy ⊂⊃114(1).**

That the bond given by a receiver does not strictly comply with the order of the court, and has not been approved, is not material, where it is good as a common-law bond.

In Bankruptcy. In the matter of H. G. Tarlinsky, Hyman Tarlinsky, and Nathan Tarlinsky, doing business as Tarlinsky & Son, alleged bankrupts. On motions by respondents to dismiss petition and discharge receiver. Denied.

Petition to require petitioning creditors and receiver to file bond. Granted as to petitioning creditors, and denied as to receiver.

H. P. Cobb, of Savannah, Ga., for petitioning creditors.

H. D. Williams and J. N. Morris, both of Miami, Fla., for bankrupts.

CALL, District Judge. On the motion to dismiss the petition: The petition seems to have followed the form in Collier, down to stating the nature and amount of claims. The nature and amount of the claims are stated as follows:

| Name. | Open Account. | Merchandise. |
| --- | --- | --- |
| Lipke-Herman Corp. | | $1,411.36 |
| Miller Bros. Hat Co., Inc. | | 642.00 |
| Blum & Perla | | 470.91 |

[1] The point is made that this statement is not sufficient. It seems to me that this statement, while it is meager and could have been stated in better form, is yet sufficient to show that the amounts claimed to be due are on open account for merchandise sold and delivered to the bankrupts. I am of opinion,

13 F.(2d)—60

therefore, that the allegation is sufficient to put the bankrupts to answer.

[2] Another contention is that the statement of the act of bankruptcy is not sufficient. A reading of this allegation is that these payments were made for the purpose of preferring the creditor to whom they were made, and accomplished that purpose. The statement is not as full as it might have been, but the meaning is unmistakable.

[3] Another contention is that the cause was not entitled in the United States District Court, but was entitled in the United States Court. The petition was filed in this court, and jurisdiction in bankruptcy matters is vested in this court. The fact of leaving out the word "District" from the statement of the court would not authorize the dismissal of the petition.

The motion to dismiss will therefore be denied.

The bankrupts also moved for the discharge of the receiver heretofore appointed of the bankrupts' property. The grounds of this motion are several, but I deem it necessary to notice only the fourth ground, based upon the report of the receiver of invoice cost of the goods, etc. The object of appointing a receiver is to preserve the assets until the question of adjudication can be litigated. The question raised by this ground can be much more effectively litigated upon the answer of the bankrupts on the question of insolvency.

The motion to discharge the receiver will therefore be denied.

There is also filed a petition to require the petitioning creditors to file a bond and for the receiver to file a bond.

[4] Taking up first the petitioning creditors, a bond appears in the files, not approved by any officer, purporting to be signed by the petitioning creditors by an attorney in fact. This is an instrument under seal, and it requires a power of attorney under seal to enable the attorney to sign his principal's name to the bond. There is nothing in the record to show such authorization. I am of opinion, therefore, that an order should be entered requiring the petitioning creditors to enter into a bond, payable to the bankrupts, in the penal sum of $5,000, with sufficient surety, to be approved by the clerk of this court, and conditioned to hold the bankrupts harmless in the event that the receiver should be discharged because the petitioning creditors failed to establish the claims of this petition and procure the adjudication of the bankrupts.

[5] As to the receiver's bond, the order signed by the presiding judge required this bond to be given to "the people of the United States." The bond given is to the "United States," as the law requires, but has not been approved by an officer of this court. But it does not seem to me that this is very material, as the bond is good as a common-law bond, even though it does not strictly comply with the law or the order under which it was given. An order will therefore be made, denying the petition as to the receiver, and granting it as to the petitioning creditors, requiring them to file the bond as above required in five days from the date of the order, and in default thereof the receiver will be discharged.

It will be ordered as above indicated.