## In re SALLADAY.

District Court, E. D. Illinois.    October 20, 1927.

No. 316–D.

Bankruptcy ⬅══42—Surviving partner may file bankrupt petition, though estate of deceased partner was being administered in probate court (Bankruptcy Act [11 USCA]).

Where state law provided that title to partnership property vested in survivor in trust for payment of debts, surviving partner had right under the Bankruptcy Act (11 USCA) to file a petition in bankruptcy, and to have benefits of discharge in bankruptcy as surviving partner, since under the act, so far as creditors are concerned, the separate estates of individual partners and of the partnership are distinct entities, and fact that estate of deceased partner was being administered in probate court does not affect jurisdiction of bankruptcy court.

In Bankruptcy. In the matter of the bankruptcy of J. B. Salladay, surviving partner of Mater & Sallady. On motion to set aside the adjudication and dismiss the petition. Motion denied.

Alfred A. Johnson, of Danville, Ill., for bankrupt.

A. B. Dennis, of Danville, Ill., for Mrs. Matro.

LINDLEY, District Judge. Motion is made by interested parties to set aside the adjudication and dismiss the voluntary petition of bankrupt as surviving partner of Mater & Salladay, on the ground that, inasmuch as prior to the filing of the voluntary petition Mater died, and his estate is being administered in the probate court, this court has no jurisdiction to adjudicate the surviving partner bankrupt and administer the assets of the partnership now in the possession of the surviving partner.

Under the Illinois statute (Smith-Hurd Rev. St. 1925, c. 106½, § 25, subd. 2, par. d) title to firm property vests in the survivor in trust for the payment of debts. The estate of neither of the partners is entitled to any share of the partnership assets until and unless the copartnership debts have been paid in full. The surviving partner is charged with the duty of converting the assets into cash, paying the partnership debts, and accounting for the surplus, if any, to the respective estates of the partners. Thus it will be seen that the Illinois statute does not contemplate that the administrator of the estate of the deceased partners shall have title to or possession and custody of any of the assets of the copartnership.

Under the Bankruptcy Act (11 USCA), so far as creditors are concerned, the sep-arate estates of the individual partners and of the partnership are distinct entities, each embraced with a trust in favor of the creditors of the respective entity. Courts have differed somewhat upon the proposition of whether the surviving partner may file a petition in bankruptcy, but it seems logical that this court has jurisdiction of such a petition, and that the surviving partner has a right under the Bankruptcy Act to be adjudged bankrupt, and to have the benefits of a discharge in bankruptcy as surviving partner. In view of this right, this court is without discretion to deny his petition.

The Circuit Court of Appeals for the Seventh Circuit, in the case of In re L. Stein & Co., 127 F. 547, held that, in case of the insanity of a partner and the appointment of a conservator of his estate, the partnership might still be adjudged bankrupt, though the insane partner might not be adjudicated. The court recognized the correctness of decisions to the effect that a copartnership may be adjudged a bankrupt after the death of one partner, and cited a number of cases in support of that proposition.

In the case of In re Wells (D. C.) 298 F. 109, Judge Hickenlooper passed upon the express question here involved, stating that, where the Ohio Code (section 8085 et seq.) provides for the conduct of the business after the death of one partner by the surviving partner, the partnership can still be adjudicated after the death of one of the partners on the petition of the surviving partner, notwithstanding the administration of the deceased partner's estate in the state court.

In the case of In re Meyer, 98 F. 976, the Circuit Court of Appeals for the Second Circuit had before it a situation where the petition in bankruptcy was filed after the death of one of the partners. The court held that the partnership was rightfully adjudged bankrupt. See, also, Briswalter v. Long (C. C.) 14 F. 153, which recognized the right of an individual to an adjudication in bankruptcy, both as an individual and as a surviving partner of a firm. To the same effect are In re Pierce (D. C.) 102 F. 977; Nichols v. Emerson, 210 App. Div. 281, 206 N. Y. S. 13; In re Adams (D. C.) 283 F. 431. In the latter case the Circuit Court of Appeals denied the petition for revision in 283 F. 1023. Other concurring decisions are In re Coe (D. C.) 157 F. 308; In re Stevens, 1 Sawy. 397, Fed. Cas. No. 13,393. See, also, Black on Bankruptcy (4th Ed.) 273.

The suggestion that the administration of the estate of the partnership is vested in the probate court, and that the doctrine of

comity requires that the bankruptcy court shall not interfere, cannot apply to the situation at hand. True, the surviving partner is charged with the duty of accounting to the administrator of the deceased partner, but the title is in him, not as an officer of the court, but by virtue of his contract relations with the deceased party and the statute vesting him with the legal title. The partnership has debts for which, as surviving partner, he remains liable, and which he is not able to pay. The Bankruptcy Act gives him the same right as any other partner or individual to be discharged from his obligations upon surrender of all assets, whether as partner or as individual.

It may well be that this proceeding is ill-advised, but in the court's view it has no discretion in the premises, and cannot deny to the surviving partner jurisdiction to entertain his petition. The motion will be denied, and an exception allowed.