**In re LAGNIAPPE INN OF NASHVILLE, LTD., etc., Debtor-in-Possession.**

**LAGNIAPPE INN OF NASHVILLE, LTD., etc., Movant,**

v.

**WASHINGTON NATIONAL INSURANCE CO., Respondent.**

**Bankruptcy No. 385–00409.**

United States Bankruptcy Court, Tennessee, Nashville Division.

March 13, 1985.

Order Adjudging Contempt March 19, 1985.

Paul E. Jennings, Randall S. Mashburn, Beth Roberts Derrick, William Caldwell Hancock, Waddey & Newport, Nashville, Tenn., for debtor in possession.

James R. Kelley, Marc T. McNamee, Dearborn & Ewing, Nashville, Tenn., for Washington National Ins. Co.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter came on for hearing on February 25, 1985, and March 1, 1985, on the motion of Lagniappe Inn of Nashville, Ltd. ("Lagniappe") to impose contempt sanctions upon Washington National Life Insurance Company ("Washington National"). The primary issue before the Court was whether a foreclosure sale conducted by Washington National of certain real property owned by Lagniappe should be set aside as a violation of the automatic stay provided by 11 U.S.C. § 362. In addition, Lagniappe sought the award of attorney's fees and expenses incurred in prosecuting its contempt motion. Pursuant to the Court's request, the following constitute proposed findings of fact and conclusions of law.

The facts in this case, as established at a hearing on February 25, 1985, are, in all material respects, not in dispute. Washington National is the holder of an indebtedness evidenced by a promissory note in

the original principal amount of $1,700,-000.00 secured by a deed of trust executed by Lagniappe. The deed of trust covers certain real property and improvements, including a motel complex, located in Davidson County, Tennessee, more particularly described at Book 6026, Page 827, Register's Office for Davidson County, Tennessee.

On January 22, 1985, counsel for Washington National wrote to Lagniappe with notice of plans to foreclose on the property. The notice, which established the time for foreclosure as noon on February 15, 1985, made reference to the debtor being "Lagniappe Inns I, Ltd." and listed the address as 2615 Elm Hill Pike.

Prior to the date of the sale, representatives of Lagniappe negotiated with representatives of Washington National to delay foreclosure. After such negotiations proved fruitless, Lagniappe filed a voluntary petition on February 15, 1985, at 11:23 a.m., in advance of the foreclosure sale, naming as the debtor "Lagniappe I Limited Partnership." At approximately 11:10 a.m., just before the petition was filed, the trustee under the deed of trust was notified by telephone that Lagniappe's petition had been prepared and would be filed shortly. Within minutes after the filing of the petition, and prior to the noon foreclosure sale, the trustee was notified by telephone that the petition had been filed and was furnished the docket number of the case.

The trustee obtained a copy of the bankruptcy petition and determined that the petition listed the debtor as "Lagniappe I Limited Partnership." This was in variance with the name listed on the deed of trust ("Lagniappe Inns I Ltd.") and the name designated in Lagniappe's certificate of limited partnership ("Lagniappe Inn of Nashville, Ltd."). After seeking advice of counsel, the trustee ordered that the foreclosure proceed. At said foreclosure sale Washington National bid in its debt and obtained a trustee's deed, which it recorded at 12:31 p.m. on February 15, 1985. On February 18, 1985, an amended petition was filed in this Court naming as debtor therein "Lagniappe Inn of Nashville, Ltd., a/k/a Lagniappe Inns I, Ltd., a/k/a Lagniappe I Limited Partnership." Lagniappe then sought a finding of contempt against Washington National for violation of the automatic stay and requested that the court set aside the foreclosure sale.

The threshold issue before the Court is whether the original petition was sufficient to give the Court jurisdiction over Lagniappe, thus giving rise to the automatic stay. If the petition, despite the inaccuracy in the caption, was sufficient to place the debtor in bankruptcy, then the actions of Washington National and the trustee were in violation of the stay.

Captions in bankruptcy pleadings are governed by Bankruptcy Rules 1005 and 9004. Rule 1005 provides that the caption of a petition shall contain, among other things, the title of the case, which includes "the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition." Similarly, Rule 9004 provides that each paper filed with the court shall contain a caption setting forth the name of the court, the title of the case, the docket number and designation of the character of the paper.

The Advisory Committee Note to Rule 9004 indicates that "[f]ailure to comply with this or any other rule imposing a merely formal requirement *does not ordinarily result in the loss of rights.*" (Emphasis supplied.) As an additional indication that form is not intended to prevail over substance, the Bankruptcy Rules specifically provide that a petition "may be amended by the debtor as a matter of course." Bankr.Rule 1009. Further, this rule was intended to continue "the permissive approach" previously followed in allowing amendments to voluntary petitions. Advisory Committee Note to Bankr.Rule 1009.

Applicable caselaw also demonstrates that a bankruptcy case should not be adversely affected simply because of minor

defects in the petition. For example, in *In re Tarlinsky*, 13 F.2d 945 (S.D.Fla.1926), dismissal was refused in an involuntary case even though a statement of the nature of the claims was "meager and could have been in better form," the statement of the act of bankruptcy was "not as full as it might have been" and the name of the court was incomplete. *Id.* The court in *Tarlinsky* was satisfied that the petition was sufficient to require the adverse party to answer and the meaning of the allegations were "unmistakable" even if not technically complete.

Likewise, in *Goodrich v. England*, 262 F.2d 298 (9th Cir.1958), an appellate court ruled that jurisdiction was properly exercised over an individual even though a partnership was mistakenly named in the petition. In that case a voluntary petition was filed in the name of "Goodrich Manufacturing Company, a Partnership composed of Coy C. Goodrich and Lulu Goodrich" even though, in fact, no partnership actually existed and Coy Goodrich was at all times the sole proprietor of the business known as the "Goodrich Manufacturing Company." About a month after filing the petition, Coy Goodrich asked that the case be dismissed on grounds that the court had no jurisdiction over his personal estate and its jurisdiction was limited to the nonexistent debts and assets of a nonexistent "fictitious partnership." *Id.* at 300.

The effort to dismiss the case was successfully opposed by the United States, a major creditor, which moved that the original petition be amended to show that it was in actually the petition of Coy Goodrich, an individual, doing business as the Goodrich Manufacturing Company. The debtor contended on appeal that the lower court had no power to substitute his name for that of the partnership because it had no jurisdiction over him personally as a result of the defective petition.

The argument, however, was rejected as the Court of Appeals concluded that the situation was governed by the same rules governing other federal lawsuits. The issue therefore was, according to the court, whether there was any "substantial difference between the original and the amended petitions." *Id. quoting Missouri, Kansas & Texas Railway Co. v. Wulf,* 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913). Since the petition and schedules had not described debts of a "fictitious partnership," but exclusively those of Goodrich individually, the intent of the debtor was clear and the inaccuracy in the caption of the petition was not sufficient to justify dismissal.

The court in *Goodrich* drew a comparison between the amendment to the caption of the petition and amendments to correct errors in the designation of a party defendant in other federal civil actions. The court found the situation to be governed by the same considerations used in permitting a plaintiff to change the name of one corporate defendant to that of another allied corporation, to show that a defendant was an individual doing business under a firm name instead of a corporation, or to show that a defendant was a partnership instead of a corporation. *Id.* at 301.

> In these cases there have been two controlling considerations: First, what entity did the plaintiff intend to bring before the court? And second, was the party resisting amendment sufficiently apprised of the pendency of the action and adequately served with process?

*Id.*

In *Goodrich* it was clear that the debtor intended to obtain the benefit of the Bankruptcy Act for his personal estate and debts and it, of course, could not be argued that he was unaware of the proceedings. Therefore the court held that the granting of the motion to amend was proper and, more significantly, that Goodrich in his individual capacity *"was at all time subject to the jurisdiction of the District Court."* (*Id.,* emphasis supplied.) Thus it follows that all the protections of the Bankruptcy Code (or at that time the Act) were in force from the date of the original petition.

The same questions asked in *Goodrich* must be answered similarly in the instant case. First, what entity did the petitioner

intend to bring before the Court? It is clear that Lagniappe intended to place into bankruptcy the entity that owned the subject property. As for sufficiency of the notice, it is likewise clear to this Court that Washington National was aware of the filing of the petition, albeit with a slight inaccuracy in the caption, and that the petition was intended to cover the owner of the subject property.

Further, it should be noted that there is no significant or substantial variation between the captions used in the original petition and the one used in the amended petition. Both reflect that the entity placed before the court is a limited partnership in Nashville called "Lagniappe" with an address of 2615 Elm Hill Pike. As reflected in the foreclosure notice and correspondence previously admitted into evidence, the borrower was identified by Washington National as "Lagniappe Inns I, Ltd." Thus Washington National was aware that Lagniappe was known by titles other than the precise legal designation of "Lagniappe Inn of Nashville, Ltd." and indeed had addressed the foreclosure notice to Lagniappe Inns I, Ltd.

The need for flexibility in dealing with minor flaws in a bankruptcy petition is further reflected in the case of *In re Young*, 223 F. 659 (D.Mass.1915), where an involuntary petition was filed against a partnership when, in fact, the partnership had been dissolved and the petition should properly have been filed against one of the former partners individually. Despite the objection of another former partner who sought to have the petition heard on the merits as originally filed, the court allowed the petition to be amended and proceedings to continue against the individual. Just as in the instant case, the petition was filed "in entire good faith" and the error was corrected" [a]s soon as the true situation was made evident." *Id.* at 660.

■ The courts have consistently held that amendments to bankruptcy petitions and schedules should be allowed except in exceptional circumstances such as where a debtor acts in bad faith or there is substan-

tial prejudice to creditors. *See, e.g., Tignor v. Parkinson (In re Tignor)*, 729 F.2d 977, 979 (4th Cir.1984); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831 (11th Cir.1982). When such amendments simply clarify the original petition, the amendment relates back to the original filing date. *Peterson v. Peterson*, 400 F.2d 336, 339 (8th Cir.1968).

■ This Court is satisfied that the bankruptcy rules, the advisory comments and applicable caselaw all indicate that a reasonably liberal approach should be used in judging the adequacy of captions in a bankruptcy petition. In that context, and in the interest of equity, the Court finds that the original petition was sufficient to give this Court jurisdiction over Lagniappe and to afford the protections of the automatic stay.

■ Since the automatic stay went into effect upon the filing of the petition at 11:23 on February 15, 1985, the foreclosure sale at noon on that day was in violation of the stay. The Court finds that the appropriate sanction is to return the parties to the status that existed at the time the petition was filed. It is therefore ordered that the foreclosure sale be voided and that Washington National reconvey the property to Lagniappe subject to the deed of trust securing Lagniappe's debt to Washington National.

While the foreclosure sale was in technical violation of the stay, the record reflects that the actions taken by Washington National were in good faith and do not warrant additional sanctions. Therefore, the request by Lagniappe for attorney's fees and expenses are denied.

IT IS, THEREFORE, SO ORDERED.

### ORDER ADJUDGING CONTEMPT

In accordance with the findings of fact and conclusions of law contemporaneously entered herein, the court hereby ORDERS, ADJUDGES, AND DECREES that the respondent was in contempt of court by its post-petition foreclosure on the subject property. The court further orders that the subject foreclosure sale be voided and

that the respondent reconvey the subject property to the movant subject to the deed of trust securing the movant's debt to the respondent.

While the respondent was in technical violation of 11 U.S.C. § 362 (West 1979), the court finds that it acted in good faith and, accordingly, DENIES the movant's request for attorney's fees and expenses. The movant is ORDERED to file a copy of this order with the Registrar's Office for Davidson County, Tennessee.

IT IS, THEREFORE, SO ORDERED.