## ARMSTRONG, AS LIQUIDATOR OF BOYSEN & COMPANY, v. FERNANDEZ.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 114. Submitted January 17, 1908.—Decided February 24, 1908.

The power of the bankruptcy court over amendments is undoubted and rests in the discretion of the court. In this case that discretion was not abused in allowing amendments adding the name of the place to the jurat of the justice of the peace taking the verification, and an averment that the person proceeded against in bankruptcy did not come within the excepted classes of persons who may not be declared bankrupts.

Where the record of a proceeding to have a person declared a bankrupt shows that detailed findings of the commission of acts of bankruptcy could have been supported by the evidence, the presumption is that such findings would have been made had appellant so requested; and, in the absence of such a request, the general finding that the party could be declared, and was adjudged, a bankrupt is sufficiently broad to cover any question involved upon the evidence as to the bankrupt's occupation and the commission of acts of bankruptcy.

APPELLEES, residing in Juana Diaz, Porto Rico, filed on the twenty-ninth day of March, A. D. 1906, their petition in duplicate, praying that Pascasio Alvarado, also of Juana Diaz, be adjudged a bankrupt. They averred that Alvarado had, for the greater portion of six months next preceding the filing of the petition, his principal place of business at Juana Diaz, and owed debts to the amount of a thousand dollars, and that petitioners were his creditors and had provable claims amounting in the aggregate, in excess of securities held by them, to the sum of five hundred dollars, the nature and amount of each of said claims being specified.

The petition further stated "that said Pascasio Alvarado is insolvent, and that within four months next preceding the date of this petition the said Pascasio Alvarado committed an act of bankruptcy, in that he did heretofore, to wit, on the

twenty-eighth day of February,. A. D. 1906, permit and suffer several of his creditors, to. wit, Alberto Armstrong *et al.* to secure and obtain an advantage through legal proceedings over his creditors, in that he suffered and permitted the said ——. to attach all of his properties and interest, real and personal, by virtue of a writ of *fieri facias* issued out of the United States District Court for Porto Rico on January 20, A. D. 1906, on a judgment rendered in the above said court at the January Term, A. D. 1906; in favor of the said Alberto Armstrong *et al.* and against the said Pascasio Alvarado. And your petitioners further represent that within four months next preceding the date of this petition, the said Pascasio Alvarado did commit another act of bankruptcy in that he did, heretofore, to wit, on the fourteenth day of March, 1906, in a letter addressed to Eduardo Fernandez, one of the petitioners, admit his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground."

Alvarado was served with process March 30, returnable April 13, and on April 24 an order was made by the clerk of the court reciting the absence of the judge from the division of the district, and referring the petition to a referee in bankruptcy in the city of Ponce and District of Porto Rico.

On the twenty-eighth of April counsel for Armstrong, as liquidator of the firm of Boysen & Company, creditors of Alvarado, moved the referee to dismiss the petition because of the defectiveness of verification. The alleged defect was because the justice of the peace who took the jurat had omitted to attach to his signature of "justice of the peace" the words "of Juana Diaz, Porto Rico."

. On the eighth of May the referee overruled a motion to amend and dismissed the petition with costs. Afterwards he filed in the clerk's office an order, dated July 6, stating that a motion for rehearing had been granted, and setting aside the order of dismissal, at the same time directing that the amendment might be made.

Thereafter, July 16, 1906, motion was made by counsel for

Armstrong and others in the District Court, before the judge thereof, to set aside the order of the referee dated July 6, whereupon the court set aside the clerk's order of reference and ordered the case back for further proceedings. And then the court denied the motion of counsel for Armstrong *et al.*, and gave the petitioning creditors until the eighteenth to amend their petition in the matter of the verification. On the seventeenth of July the amendment was made by inserting after the words "justice of the peace," at the close of the verification, the words "of Juana Diaz, Puerto Rico;" and the justice of the peace so certifying.

July 18, Armstrong's attorneys again moved to dismiss on the ground that the petition did not make the averment that the alleged bankrupt did not come within the excepted classes of persons who might not be declared bankrupt. This motion was denied by the court, and the petitioning creditors were allowed to amend in the particular named.

The amendment was made so as to aver that Pascasio Alvarado "is not a wage earner nor a person engaged chiefly in farming or the tillage of the soil, and who is chiefly engaged in commercial business."

July 19, Armstrong and others by answer denied "the allegations of the involuntary petition that the alleged bankrupt does not come within the excepted classes of the bankruptcy act and that he has committed the acts of bankruptcy therein alleged."

On the same day the court heard the testimony of the petitioning creditors, Fernandez *et al.*, "upon the issue raised by said answer." At its conclusion counsel for opposing creditors moved that the petition be dismissed, which motion was denied. Then the court heard "the testimony offered by the opposing creditors, and at the conclusion of all the testimony overrules said answer and denial, and directs that a proper order of adjudication and reference be prepared, to which counsel for Armstrong *et al.* except."

The order of adjudication was thereupon entered.

An appeal to this court was prayed and allowed, and errors assigned to the effect that the referee in bankruptcy erred in granting a rehearing by his order of July 6; that error was committed in refusing to annul that order of the referee; that the court also erred in overruling the motion of July 18, to dismiss the petition; and that the court erred in adjudicating Alvarado a bankrupt.

The district judge filed findings of fact and conclusions of law under General Order XXXVI as follows:

"On July 16, 1906 when the present incumbent of this bench held his first term of court at Ponce in this district, the above-entitled matter came on for hearing, and it developed that the petition for involuntary bankruptcy had theretofore been duly filed and sent out to the referee, who, it appears, had first dismissed the petition for informality as to the verification thereof, but thereafter rescinded his order in that regard and permitted the petition to stand. On this state of affairs, Armstrong & Company, in open court, moved that the petition be dismissed for improper verification, in accordance with the first action of the referee. Other creditors resisted this motion. The court thereupon entered an order recalling the matter from the hands of the referee, and in open court permitted the verification *nunc pro tunc* to be corrected and the petition to be considered as filed, as thus amended. Then the question as to whether or not the defendant was a person 'engaged chiefly in agriculture or the tillage of the soil' was raised by Armstrong & Co., and on the decision of which would depend the right of the court to declare him a bankrupt at all. On this question the court gave the parties opportunity to procure evidence, and set the case down for a succeeding day for that purpose, and did, at the time fixed, hear evidence pro and con on the subject. From the evidence thus adduced the following facts appear:

"That Pascasio Alvarado is now a feeble old man living at Juana Diaz near said Ponce with his sons, one of whom conducts his business, which it appears is being wound up;

that for more than twenty-five years last past he has been engaged in conducting a large mercantile business at said place, and that he kept a stock of goods ranging from twenty-five thousand dollars upwards, continuously, and was well known to the wholesale merchants of Europe, and perhaps of the United States; that during the last two years he has been, or at least his sons for him have been, engaged in selling out the remainder of his stock of goods and in endeavoring to collect the debts belonging to the estate, in cash and in coffee and other products; that at the time the business was put into liquidation and his son took charge of it, and since, the estate was in possession, or *quasi* possession, of several pieces of land under mortgage, which it collected payments from in the way of portions of the coffee and other crops raised, and perhaps the estate was the absolute owner of some small portion of land itself, on which some coffee is raised. Most of the evidence thus taken is transmitted herewith, duly certified. The court, of course, had the benefit of the full record of the case and of the arguments of counsel and statements made in open court at the time.

"The court held on this evidence, that the defendant was not a 'wage earner or a person chiefly engaged in the tillage of the soil,' but that he was, and is, a merchant, and that all the debts he owes, were created as a merchant, and that he could, therefore, be declared a bankrupt, and so held. From this action of the court, Armstrong & Co., who have some attachment or other liens on some of his estate, not four months old at the time of the filing of the petition, have appealed."

*Mr. N. B. K. Pettingill* and *Mr. Harry P. Leake* for appellant:

Neither the referee nor the court had any jurisdiction to reinstate the cause after the order of dismissal made by the referee on May 8, 1906, which was as authoritative and final as though made by the judge himself. *Neustadter* v. *Chicago &c. Co.* 96 Fed. Rep. 830; *In re T. L. Kelly Dry Goods Co.,* 102 Fed. Rep. 747; *In re Rosenburg,* 116 Fed. Rep. 402.

The court below should have granted the motion of appellant, made July 18, 1906, to dismiss the amended petition of appellees.

As evidence was taken on the first ground set out in the motion and the court found as a fact that the petition had been filed in duplicate and ordered its records amended accordingly, this court will not review that ground. The second ground of the motion, however, was well taken. While at the beginning one or two decisions leaned toward the position that the exception of the statute regarding the occupation of the alleged bankrupt need not be negatived in the petition, the great weight of later authorities is with our contention. *In re Mero*, 128 Fed. Rep. 630; *In re Callison,* 130 Fed. Rep. 987; *In re Brett*, 130 Fed. Rep. 981; *In re White*, 135 Fed. Rep. 199; *Rise* v. *Bordner*, 140 Fed. Rep. 566; *In re Taylor*, 42 C. C. A. 1.

The court below erred in its determination of the issue raised by the answer of appellant to the creditors' petition. Three issues were made in appellant's answer:

Whether the bankrupt was within the exceptions of the statute, that is, was a wage-earner or a person engaged chiefly in farming or the tillage of the soil; whether he had committed an act of bankruptcy by permitting appellant to obtain an execution against him; and whether he had committed an act of bankruptcy by admitting his inability to pay his debts and his willingness to be adjudged a bankrupt.

Upon this issue it devolved upon the petitioning creditors to prove the negative of the first proposition—and the affirmative of either the second or the third.

The burden of proof is on the petitioning creditors to prove the allegations of their petition. *In re Pilger*, 118 Fed. Rep. 206; *In re McLaren*, 125 Fed. Rep. 835; *In re Doddy, Jourdan & Co.*, 127 Fed. Rep. 771; *Jones* v. *Burnham et al.*, 71 C. C. A. 240.

The allegations touching the second proposition were altogether insufficient to constitute an act of bankruptcy, even if proved, because not only must it be alleged that execution has

been issued against the bankrupt's property, but that it is within five days of sale thereunder, and the bankrupt has not yet vacated or discharged it. *Seaboard Co.* v. *W. R. Trigg Co.,* 124 Fed. Rep. 75; *In re Vastbinder,* 126 Fed. Rep. 417.

There is neither finding nor evidence that the alleged bankrupt had committed either act of bankruptcy alleged or any act of bankruptcy whatever. In the absence of such proof, which it was the duty of petitioning creditors to furnish, there could have been but one proper finding, that Alvarado was not a bankrupt.

No counsel appeared for the appellees.

Mr. Chief Justice Fuller, after making the foregoing statement, delivered the opinion of the court.

This is an appeal from a court of bankruptcy, "not within any organized circuit of the United States," from a judgment adjudging Pascasio Alvarado, a bankrupt under § 24a and § 25a of the bankruptcy act, and General Order XXXVI, 3.

The errors assigned in reference to the action of the referee and of the court in permitting the amendment of the verification and other amendments we regard as without merit. The power of a court of bankruptcy over amendments is undoubted and rests in the sound discretion of the court. We think there was no abuse of discretion here and that the court was fully justified in its orders in reference to amendments.

Nor do we see any reason to question the conclusion of the District Court "that the defendant was not a 'wage earner or a person chiefly engaged in the tillage of the soil,' but that he was, and is, a merchant, and that all the debts he owes were created as a merchant, and that he could therefore be declared a bankrupt."

The appellant Armstrong now contends, however, that the petitioning creditors "lost sight of every controversy except that as to the occupation of the bankrupt, and that the court

later also made the same error, as there is neither finding nor evidence that the alleged bankrupt had committed either act of bankruptcy alleged, or any act of bankruptcy whatever." .

The acts alleged were that Alvarado permitted Armstrong to obtain an execution against him; and also that Alvarado admitted in a letter addressed to Fernandez "his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground."

And the record shows that the court heard testimony on behalf of Fernandez and others, petitioning creditors, as to the commission of the acts of bankruptcy as well as to the occupation of the bankrupt. The court then denied Armstrong and others' motion to dismiss, and heard testimony on their behalf, and at the conclusion of all the testimony directed the order of adjudication. From that order of adjudication this appeal was prayed, but it nowhere appears that Armstrong and others objected to the want of proof of the acts of bankruptcy or asked any findings in respect thereto, or objected to the findings that were made for deficiencies in that regard. In other words, Armstrong and others permitted the findings to be made as they were, and now say that other findings should have been made in relation to proof of acts of bankruptcy, without having objected that they were not made, or that the findings as made were on that account fatal to the judgment. The presumption is that if such a suggestion had been made to the court, the alleged deficiencies, if really existing, could have been supplied and would have been supplied. But the record and the certificate of the judge leave no doubt that the petition as to acts of bankruptcy was sustained by the facts.

The last error assigned is that the District Court erred in finding from the evidence offered on July 19, 1906, "upon the issue between said petitioning creditors and these opposing creditors that said Pascasio Alvarado should be adjudged a bankrupt and in so adjudging him," and that, of course, was broad enough to cover any question involved upon the evi-

dence; but we think that that was intended to cover the finding as to Alvarado's being a merchant and not a wage earner, etc., and therefore susceptible of being declared a bankrupt.

The findings of fact and conclusions of law made by the district judge for transmission to this court, under the general order in that regard, set forth, among other things, that, after the petition was amended, "Then the question as to whether or not the defendant was a person 'engaged chiefly in agriculture or the tillage of the soil' was raised by Armstrong & Co., and on the decision of which would depend the right of the court to declare him a bankrupt at all. On this question the court gave the parties opportunity to procure evidence, and set the case down for a succeeding day for that purpose, and did, at the time fixed, hear evidence pro and con on the subject." And from that evidence the court stated the facts which appeared, and his finding and conclusion that Alvarado was a merchant, etc.

It seems clear that the acts of bankruptcy had been previously determined as committed and that the case was only contested on the other point, and hence that this contention is an afterthought, which ought not to be entertained, let alone that from the findings that were made it is obvious enough that Alvarado was in liquidation and might properly be adjudged a bankrupt.

*Decree affirmed.*