In re L. & R. WISTER & CO.

SHIMER v. POWELL.

(Circuit Court of Appeals, Third Circuit. December 14, 1916.)

No. 2143.

BANKRUPTCY ⬡➝342½—PROCEEDINGS—PETITION TO REVIEW.

While proceedings in bankruptcy generally are in the nature of proceedings in equity, and courts of bankruptcy have broad equity powers, including those of amendment under Bankr. Act July 1, 1898, c. 541, § 2, subsec. 6, 30 Stat. 545 (Comp. St. 1913, § 9586), one who filed no petition to review an order of the referee, relying on the petition of another, is not, the original petitioner desiring to dismiss, entitled to intervene for that reason; the time for the filing of a petition for review, provided for by section 2, subsec. 10, as prescribed by General Order No. 27 (89 Fed. xi, 32 C. C. A. xxvii), supplemented by the orders of the District Court, having expired.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. ⬡➝342½.]

Petition to Review and Revise an Order of the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of the bankruptcy of L. & R. Wister & Co.; Humbert B. Powell, trustee. The claim of Mrs. Sabine W. Wister was allowed, and Mrs. Betty Black Wister filed a petition for a review of the order. Thereafter she petitioned to dismiss, and J. N. M. Shimer petitioned to intervene. The petition to intervene being denied, and petition to review being dismissed by the District Court (In re Wister, 232 Fed. 898), J. N. M. Shimer petitions to review and revise the order. Affirmed.

J. S. Freeman, of Philadelphia, Pa., for petitioner.

Thomas Stokes and G. W. Pepper, both of Philadelphia, Pa., for respondent.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The question in this case is, whether a person, who is not a party to proceedings upon petition to the District Court to review a referee's order, though equally interested with the petitioner in the subject matter, and who has not otherwise taken action of his own, has a right to intervene in those proceedings several months after they were begun, and, upon the withdrawal of the petitioner, be substituted as a party. Construing General Order No. 27 (89 Fed. xi, 32 C. C. A. xxvii), and applying its rule supplementing that order, the District Court found adversely to the petition to intervene.

The order of the court which we are asked to review and revise, concerns a dispute arising in the administration of two bankrupt estates.

The firm of L. & R. Wister & Company had been financial agents of the Dunbar Furnace Company. To aid their financing transactions,

Sabine W. Wister, wife of Jones Wister, one of the partners, loaned L. & R. Wister & Company $50,000 on the demand note of the Furnace Company, secured by its mortgage bonds to the amount of $54,000 pledged as collateral, and by the guaranty of L. & R. Wister & Company. She later loaned Wister & Company, for their accommodation, a number of the bonds so pledged, aggregating $17,000, which were never returned to her. Business difficulties of the Furnace Company followed, involving Wister & Company. Both concerns went into bankruptcy. Whereupon Sabine W. Wister resorted to the collateral, offered the remaining $37,000 bonds at public sale, and purchased them for $18,000. She credited the note with this sum, and proved a claim for the balance against the estate of Wister & Company.

After protracted negotiations the two bankrupt concerns reached an agreement of settlement with their creditors. This agreement contemplated the organization of a new corporation to take over the property and business of the Furnace Company, the issue of new securities equal in amount to the entire indebtedness of the Furnace Company, including its very considerable indebtedness to Wister & Company, and the acceptance of those securities by the creditors of the two bankrupts in discharge of the debts of both estates, with the understanding, however, that creditors who had claims against both, should, by reason of the primary obligation of one and the obligation of endorsement or guaranty of the other, receive but one payment and that from the primary debtor.

In applying the new securities to the discharge of the bankrupts' debts under this plan, the trustee of the Furnace Company gave Sabine W. Wister, through mistake, an amount of securities not sufficient to discharge her claim against the estate of Wister & Company. She credited this claim with the amount of the securities received, and held the claim for the balance against that estate. The trustee of Wister & Company, denying liability, moved to expunge her claim; the referee, however, allowed it, whereupon Betty Black Wister, in right of her husband, Rodman Wister, deceased, late a partner of the firm of Wister & Company, filed a petition to review the order of allowance. J. N. M. Shimer, another partner of Wister & Company, though equally interested with Betty Black Wister in the allowance or disallowance of the claim of Sabine W. Wister, did not join in this petition, nor did he file a petition of his own within ten days from the referee's order, or at any time. He was advised and was content to allow his rights in the partnership funds affected by the order be determined in the proceedings to review instituted by Betty Black Wister. But it turned out that Betty Black Wister concluded not to prosecute her proceeding to a determination. Eight months after beginning them, she decided to abandon them, and to that end joined in a petition by the trustee of Wister & Company, praying that the proceedings be dismissed and the order of the referee be affirmed. In this situation, Shimer was forced to act for himself, so he appeared and took his first step in opposition to the referee's order, by filing a petition, in which he prayed that the pending proceedings to review be not dismissed, or "at least (he be allowed) to intervene with the same force and effect as though he had

presented the petition to review or joined therein at the time the same was filed."

Why did Shimer resort to the proceedings of Betty Black Wister for the determination of his rights?

Having lost his right by lapse of time under the rule to institute proceedings of his own, and being manifestly without ground to appeal to the judge for an extension of the rule, he sought to avail himself of the only conceivable legal proceeding by which at that late day his objection to the order could be determined. While he does not seriously urge that Betty Black Wister shall continue her proceedings for herself against her wishes, he insists that, in order to do justice within the broad equity powers with which courts of bankruptcy are invested, which include those of amendment, Bankruptcy Act, section 2; section 2, subsection 6; Armstrong v. Fernandez, 208 U. S. 324, 28 Sup. Ct. 419, 52 L. Ed. 514; Hardin v. Boyd, 113 U. S. 756, 5 Sup. Ct. 771, 28 L. Ed. 1141; French v. Gapen, 105 U. S. 509, 26 L. Ed. 951; Neale v. Neale, 76 U. S. (9 Wall.) 1, 19 L. Ed. 590, the court should not dismiss the proceedings, but should admit him as a party and permit him to carry them along for himself.

It is not questioned that proceedings in bankruptcy generally are in the nature of proceedings in equity, Bardes v. National Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, or that courts of bankruptcy, in order that substantial justice be done, are liberal in allowing amendments, especially to meet situations not covered by law or by rules of procedure. But it is going rather far to hold, that a court of bankruptcy, in its orderly administration of justice, will reach into its general equity powers and find a means to restore to a person a right which is conferred upon him by statute and which he has lost by his own neglect.

The right to review a referee's order is conferred by statute. Bankruptcy Act, section 2, subsection 10. The method by which that right is exercised is prescribed by General Order No. 27, namely, "When a * * * person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of." Supplementing General Order No. 27, the District Court has promulgated a rule, that "a review of any * * * order of a referee must be asked for by petition presented to him before the expiration of the tenth day after such * * * order is made," unless the petition be afterwards allowed by a judge of the District Court. It thus appears that the statute confers the right to a review, the general order defines the procedure, and the rule of court prescribes the time within which the proceeding shall be commenced. The general order and the rule of court have the force of law. From the statute, the general order and the rule, a rule of law has developed to the effect, that unless a party objecting to an order shall himself prosecute a petition to review, setting forth the errors he complains of, within the time prescribed, he may not thereafter file on his own behalf a petition to review (except upon leave of the court), nor will he be heard to complain of a referee's order on petition to review filed by another party. In re Schiller (D. C.) 96 Fed. 400; In

re Scott (D. C.) 99 Fed. 404; In re Russell (D. C.) 105 Fed. 501; In re Hawley (D. C.) 116 Fed. 428; In re Home Discount Co. (D. C.) 147 Fed. 538; In re Greek Mfg. Co. (D. C.) 164 Fed. 211; In re Marks (D. C.) 171 Fed. 281; Re Jamison Bros., 209 Fed. 542, —— C. C. A. ——.

Shimer did none of the things required of him to preserve a right to review. By filing his petition, asking that he be allowed to intervene in the proceedings of Betty Black Wister with the same force as if he had himself instituted them, he prays, in effect, that he be substituted for her as a party, and that her rights, seasonably asserted, be substituted for his own, which by his neglect he had lost. The prayer of his petition is in direct opposition to the general order and rule of court. We are of opinion that the court's refusal to abrogate its own rules was not error.

The order is affirmed.