## In re HOLLYWOOD LAND & WATER CO.

## In re HOMESEEKERS' REALTY CO.

### Nos. 758–M, 759–M.

District Court, S. D. Florida.

May 26, 1930.

Hudson & Cason, of Miami, Fla., for petitioners.

Bart A. Riley, of Miami, Fla., LeRoy McGregor, of Hollywood, Fla., and Burwell, Barrett & Sibley, Herbert U. Feibelman, and Blakeley & Quinan, all of Miami, Fla., for intervening creditors.

RITTER, District Judge.

The above cases have been heard together upon the motion of the Highway Construction Company of Ohio, Inc., to dismiss the amended petition in bankruptcy in each case. This company is a very large creditor of the alleged bankrupt, which, by reason of judgments entered against the bankrupt, has obtained liens, it is claimed, upon the real estate of the said bankrupt by virtue of the recordation of said judgments on the 25th day of April, 1929, in Broward county, Fla.

There was filed on the 24th day of August, 1929, the original petitions of certain creditors in these cases, alleging the respective companies had committed four acts of bankruptcy. To these petitions a motion to dismiss was sustained. Permission to amend was granted, and on the 6th day of February, 1930, an amended petition in bankruptcy in each case was filed. The original petitions were defective in many respects. They did not, in fact, state any act of bankruptcy, although four acts were listed. The first is that the Hollywood Land & Water Company left remaining unpaid a judgment in the amount of $1,532,672.61, in favor of the Highway Construction Company of Ohio, Inc., dated the 25th day of April, 1929, and recorded in Broward county, "for a period of over thirty (30) days next preceding the filing of this petition." The second alleged that the Hollywood Land & Water Company has left unpaid a judgment in the amount of $608,575.19, in favor of the Highway Construction Company of Ohio, Inc., dated the 25th day of April, 1929, "for a period of over thirty (30) days next preceding the filing of this petition." The third is of the same nature concerning a judgment dated the 4th day of April, 1929, which clearly shows, with reference to the date of filing the petition, that it was more than four months preceding the filing of the same, and therefore is not within the bankruptcy statute. The fourth is a mere statement that the Hollywood Land & Water Company, while insolvent, transferred to one or more of its unknown creditors substantial sums of money in unknown amounts, with the intent to prefer such creditors. This simply follows the language of the act and is so general and incomplete that it does not contain specific averments required to present a cause of action under the Bankruptcy Act. It is apparent that none of the charges state any act of bankruptcy. The Act of May 27, 1926 (44 Stat. 662, § 3, 11 USCA § 21(a), provides that a judgment must be suffered or permitted while insolvent, and that the same was not vacated or discharged within thirty days from the date such judgment and lien were obtained. It is therefore clear that the original petition did not state any act of bankruptcy. It is also not alleged that the alleged bankrupt owned real estate on which a lien could fasten. Weitzel Flooring Corp. et al. v. Getz (C. C. A.) 31 F.(2d) 930.

There is a right of amendment to an ineffective and inefficient petition in bankruptcy, and the courts are as lenient in this respect as in reference to pleadings in other cases. There must be something, however, in the original petition by which to amend. The right to amend can go no further than to bring forward and make effective that which in some form is already there. Remington on Bankruptcy, pars. 286, 287.

"An amendment to a petition which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded

is arrested at that point. But an amendment which introduces a new or different cause of action, and makes a new or different demand, not before introduced or made in the pending suit, does not relate back to the beginning of the action, so as to stop the running of the statute, but is the equivalent of a fresh suit upon a new cause of action, and the statute continues to run until the amendment is filed." Whalen v. Gordon et al. (C. C. A.) 95 F. 305, 308.

■ In granting the motion to amend the original petition, this court could not grant the right to the petitioning creditors to introduce a new cause of action.

At the time the motion to dismiss the original petition was presented, this court did not give due consideration to the question as to what could be or could not be amended. We held that the original bill was so wholly defective and inefficient that it should be dismissed, and gave permission to amend in such ways as, under the law, it could be amended.

■ The amendment to the petition which was filed, and which we are now considering, charges as acts of bankruptcy the following: The bankrupt did—

(a) "Suffer or permit, while insolvent, the Highway Construction Company, a creditor, to obtain through legal proceedings a judgment and lien in the amount of One Million Five Hundred Thirty-Two Thousand Six Hundred Seventy-two Dollars and sixty-one cents, ($1,532,672.61), said judgment being dated the 25th day of April, 1929, and now recorded in the Minutes of the Circuit Court of the Twenty-second Judicial Circuit of Florida, in and for Broward County, in Book No. 7, at page 469, and the said Hollywood Land & Water Company did not vacate or discharge the same within thirty (30) days from the date such judgment and lien were obtained."

(b) A similar allegation with reference to the judgment for $608,579.19.

(c) A repetition of the judgment dated April 4, 1929, which is clearly beyond the reach of the Bankruptcy Act, it being more than four months preceding the filing of the petition.

(d) A blank as far as alleging any act of bankruptcy is concerned.

The above (a) and (b) are, in the amended petition, within the language of the Bankruptcy Act, and set forth the failure to vacate or discharge within thirty days from the date such judgment and lien were obtained, where-

as the original petition asserts that they were left remaining unpaid "for a period of over thirty (30) days next preceding the filing of this petition." The amended petition states a new cause of action; a new act of bankruptcy totally different from the original petition in these two (a) and (b). paragraphs, so that as far as the allegations are concerned as to these judgments in the amended petition, they are sufficient as against the motion to dismiss. Stating, however, as they do, a new cause of action, the amended petition is the original petition in bankruptcy in this matter.

The Fifth Circuit has, in the case of In re Louisell Lumber Co. (C. C. A.) 209 F. 784, 785, considered a situation similar to the one confronting us in this case. Three creditors of the company filed a petition in bankruptcy. The court, in reference thereto, says:

"This petition contains allegations of the company's indebtedness to the petitioners and an elaborate allegation of the company's insolvency, and prayed that it be adjudicated a bankrupt. The petition was fatally defective in this: It contained no statement whatever that the corporation had committed any one of the five acts of bankruptcy. Bankruptcy Act, § 3. It did not contain any attempt or defective effort to state any one of such acts of bankruptcy. It was an absolute blank so far as such allegations are concerned. On February 21, 1912, about eight months after the levy of the attachment and the fixing of the lien in favor of Armour & Co., the petitioning creditors were allowed by the court below to amend the petition by inserting the following: (Then follows certain allegations.)"

The court then proceeded to find the allegations in the amended petition to be insufficient. Continuing, the court says:

"The petition which was filed within the four months of the date of the levies of the writs of attachment, as we have said, stated no one of the acts of bankruptcy prescribed by the statute. This is not a case, therefore, in which one act of bankruptcy is alleged and it is sought to amend by asserting another, or in which a defective statement of an act of bankruptcy is made and it is sought to amend the defect by a more accurate statement. On the contrary, no cause of action to have the debtor adjudicated a bankrupt is stated, or attempted to be stated, in the original petition. More than four months, in fact about eight months, after the levies, the amendment is made, and (treating the amendment as sufficient) it is then for the first time

that there appears on the record a cause of action authorizing the adjudication of the debtor to be a bankrupt.

"The amendment of a petition in bankruptcy is permissible as in the case of pleadings in other actions. And it is true that, when an amendment is properly allowed and is for the same cause of action asserted in the original pleading, giving greater precision to charges already made, and does not set up new matter or a new cause of action, the amended pleading will be regarded as a continuation of the original pleading, and will relate back so as to take effect as of the date when the latter is filed. * * *

"It would defeat the intention of the bankruptcy act if creditors could file a blank or skeleton petition against their debtor, alleging no act of bankruptcy, and, after a lapse of more than four months amend it by filling up the blanks, alleging acts of bankruptcy, and have the amendment relate back in its effect for a period of over eight months to a time within four months before the filing of the blank petition, and dissolve valid liens then existing on the bankrupt's property."

The law of this case is the law of this circuit, and is binding upon this court.

In the case of In re Pure Milk Co. of Mobile (D. C.) 154 F. 682, the court says, concerning an insufficient averment of an act of bankruptcy in a petition:

"If the petition originally filed was insufficient in averring an act of bankruptcy, then it in effect averred no act of bankruptcy. Leave to amend may be granted, but will not generally be granted when the proposed amendment would introduce into the petition entirely new acts of bankruptcy.

"New acts of bankruptcy will not be permitted to be introduced into the petition after the four months' period has expired. * * * Here the petition avers no specific act of bankruptcy, and the amendment is founded upon an act which it appears was committed more than four months before the amendment is proposed to be made, which, it seems to me, is a much stronger case against the petitioner's claim than when a new act of bankruptcy is sought to be introduced. * * * No showing is made why the act of bankruptcy now proposed to be averred was not set out in the original petition." In re Condon (C. C. A.) 209 F. 800.

The question is discussed, together with an elaborate consideration of authorities, in Hovland v. Farmers' State Bank (C. C. A.) 10 F.(2d) 478, 482, where the court supports the above doctrine, distinguishing the amendment allowable as follows:

"If the original pleading is sufficiently specific to identify the cause of action, however defective and imperfect it may be, and it appears that the amended pleading introduces no new cause of action, but merely enlarges, amplifies, or makes more definite and certain the allegations of the original pleading with reference to the same cause of action, then the amended pleading ought to relate back to the date of the filing of the original pleading."

"An act of bankruptcy not referred to in the original petition, and occurring more than four months before the amendment is asked for, may not be added in a new petition. Where the original petition stated no act of bankruptcy whatever, an amendment will not be allowed to relate back to the date of the filing of the original petition where it will have the effect of dissolving the lien of an attachment secured within four months of the original petition, but more than eight months prior to the amendment." Remington on Bankruptcy, §§ 292, 293.

The amended petition does not attempt in any way to enlarge upon, make more precise, or correct the charges of bankruptcy so deficient in the original petition. The amendment, so far as the charges 1 and 2 are concerned, creates a new act of bankruptcy totally different from that charged in the original bill, as we have heretofore shown, and under the authorities above cited, we cannot hold that it related back to the original petition.

The court was in error in not specifying more particularly the amendments which might be made to the original bill. If the petitioners had, for example, corrected its fourth charge in the original petition so that in the amended petition we could say that the amendment was simply a clarification and amplification, or a correct statement of the original charge, we might hold that the amendment related back on this charge, but the amended petition does not attempt to state an act of bankruptcy in this respect any more than does the original petition. The third charge in the amended petition is, on its face, insufficient in the amended, as in the original petition, because it shows the statute has run.

No reason is offered why the first and second charges in the original bill were not made as provided by the Bankruptcy Act should be made. The original petition appears to have been filed on the very last day it could

782

have been filed, and it may have been the result of haste and careless consideration by counsel, but not even that is given as a reason to the court for permission to amend.

I am therefore compelled to decide that the date of filing the amended petition is the date upon which the petitioning creditors are in court for the purposes of bankruptcy, and that the amended petition does not relate back to the original petition, and therefore the amended petition shows on its face that the acts of bankruptcy are barred by the limitation statute of four months (Bankr. Act § 3b, 11 USCA § 21(b).

The motion to dismiss will therefore be granted.