**In re CLAUDON.**
No. 2740.

District Court, S. D. Illinois, N. D.
March 19, 1934.

C. V. O'Hern, J. J. Alloy, Ira J. Covey, and E. L. Covey, all of Peoria, Ill., for alleged bankrupt.

Greenebaum & Burns, of Pontiac, Ill., for petitioning creditors.

Adsit, Thompson & Herr, of Pontiac, Ill., and Miller, Elliott and Westervelt, of Peoria, Ill., for trustee.

MAJOR, District Judge.

On December 22, 1927, an involuntary petition in bankruptcy was filed against A. B. Claudon, and on December 31, 1927, a subpœna, together with a copy of the involuntary petition, was served upon Mrs. A. B. Claudon, wife of the alleged bankrupt, at the home of N. J. Claudon, a son of the alleged bankrupt, who now appears in this proceeding as administrator of the estate of the alleged bankrupt.

It is claimed and admitted that this service was illegal and void.

The matter was referred by the clerk of the court to the Honorable George K. Foster, referee in bankruptcy, where an adjudication was made on January 21, 1928. C. R. Voris was selected as trustee and his bond was approved.

The alleged bankrupt was the president of the Claudon State Bank of Fairbury, Ill., which closed prior to the time of the filing of the involuntary petition and from that time until several years later, the whereabouts of the alleged bankrupt were unknown.

During this period certain legal papers were filed in the recorder's office of Livingston county, signed by A. B. Claudon and acknowledged before N. J. Claudon, and the files in the case indicate that the said N. J. Claudon had knowledge of his father's whereabouts.

The proceedings took the usual and ordinary course before the referee, in which the said N. J. Claudon participated. On October 12, 1927, N. J. Claudon filed for record in the recorder's office of Livingston county, a lease on a 480-acre farm owned by the alleged bankrupt, in which the said N. J. Claudon was mentioned as tenant, and which lease was afterwards assigned by N. J. Claudon.

The estate of the alleged bankrupt was of considerable proportion and the trustee,

among other things, sold property, including a right of way over farm land.

Prior to the filing of the involuntary petition, a number of creditors commenced attachment proceedings against the alleged bankrupt in the circuit court of Livingston county, which proceedings were dismissed after the order of adjudication. During the course of administration, numerous claims were filed against the alleged bankrupt.

On January 7, 1931, the alleged bankrupt appeared in court by Bracken, Livingston & Murphy, his attorneys at that time, and filed a motion which questioned the jurisdiction of the court, on the grounds that no legal service had been had on the alleged bankrupt. The alleged bankrupt did not appear in person and the motion was supported by affidavits made by various members of his family.

On October 28, 1931, an order for alias subpœna was entered, which was personally served on the following day. November 9, 1931, the alleged bankrupt filed a motion to dismiss the involuntary petition on the grounds that it failed to charge him with an act of bankruptcy. This motion has never been passed upon and is now before the court.

On October 20, 1933, N. J. Claudon filed a petition in which it was alleged that A. B. Claudon, the alleged bankrupt, died August 8, 1932, and, as administrator of the said bankrupt estate, renewed the motion filed by A. B. Claudon on November 9, 1931, to dismiss the involuntary petition; and it is this motion with which the court is now concerned.

The involuntary petition charged but a single act of bankruptcy and is as follows:

"And your petitioners further represent that said A. B. Claudon is insolvent, and that within four months next preceding the date of this petition the said A. B. Claudon committed an act of bankruptcy, in that he did heretofore, to-wit, on the 9th day of September, A. D. 1927, permit attachments to be entered in the Circuit Court of Livingston County, and levied upon property of the said A. B. Claudon."

It is claimed by counsel for the alleged bankrupt that the act of bankruptcy charged is fatally defective for the following reasons:

First. It is not charged that the alleged bankrupt was insolvent at the time of the levy of said alleged attachment.

Second. It is not charged that the alleged bankrupt did not vacate or discharge the said attachment within thirty days from the date of such levy.

Third. It is not charged that the alleged attachment became a lien on any property of the alleged bankrupt, or that such attachment resulted in a preference of the attaching creditors over other creditors of the same class.

It is admitted by counsel for petitioning creditors that this allegation of bankruptcy is not sufficient, but on January 9, 1934, and before the court had passed upon the motion to dismiss, filed a petition praying leave to amend the original petition so that the same may read as follows:

"And your petitioners further represent that the said A. B. Claudon is insolvent and that while insolvent, within four months next preceding the date of this petition, the said A. B. Claudon committed an act of bankruptcy, in that he did, heretofore, to-wit: on the 9th day of September, A. D. 1927 permit attachments to be entered in the Circuit Court of Livingston County, Illinois, and levied upon the property of the said A. B. Claudon; that the said A. B. Claudon, while insolvent, suffered or permitted certain creditors, (naming creditors with the amounts of their respective claims) to obtain through legal proceedings commenced on said date, in the Circuit Court of Livingston County, Illinois, attachment writs, which were duly and regularly issued out of said Court and duly and regularly delivered to J. A. Scarratt, Sheriff of said County, who, on September 13th, 1927, by virtue of said attachment writs, levied on the real estate of the said A. B. Claudon, to-wit: (description of real estate); and that the said A. B. Claudon did not vacate or discharge the same, and the lien created thereby, to be vacated or discharged within thirty days from the date of said levies."

In support of said petition for leave to amend, there is included paragraphs 4, 5, 6, 7, 8, 9, 10, 11, and 12 which respondent has moved to strike as being scandalous, impertinent, and redundant, and it is conceded by the respondent "that the matters and things set forth in said petition, exclusive of the paragraphs sought to be stricken, contain a sufficient showing under General Order in Bankruptcy No. 11 (11 USCA § 53), to permit said petitioning creditors to amend said original involuntary petition, provided the court has the right to permit the petitioning creditors to amend the same, and allow such amendment to relate back to the

date of the filing of the original petition in bankruptcy."

The paragraphs objected to in the main were a recital of the proceedings in this cause as shown by the files, and, in view of the conclusion which I have reached, I do not believe they are subject to the criticism made. If the court has discretion to permit the amendment sought, the allegations in this petition to amend are material as to the exercise of that discretion. Therefore, the motion to strike the paragraphs referred to is denied.

The main and essential question which the court is called upon to decide is whether or not it is vested with the authority to permit the original involuntary petition to be amended in the manner sought and, if so, can the amendment be made effective as of the date of the filing of the original petition.

Counsel for the respective parties, in addition to oral argument, have presented extensive written briefs and arguments in which many authorities are cited and quoted from and they, no doubt, appreciate the serious nature of the question presented, and which the court is called upon to decide.

A decision involves a construction of Equity Rule 19 (28 USCA § 723) promulgated by the Supreme Court of the United States, which provides as follows: "The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

General Order in Bankruptcy No. 11 (11 USCA § 53), provides in part: "The court may allow amendments to the petition and schedules upon application of the petitioner."

The Bankruptcy Act (section 2 (15) of the act, 11 USCA § 11 (15), itself, in defining the jurisdiction of courts of bankruptcy, provides: "Make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act [title]."

In Armstrong v. Fernandez, 208 U. S. 324, on page 330 of the opinion, 28 S. Ct. 419, 421, 52 L. Ed. 514, it is said: "The power of a court of bankruptcy over amendments is undoubted and rests in the sound discretion of the court." This statement has been quoted and followed in many cases.

See In re Cleveland Discount Company (D. C.) 5 F.(2d) 846; In re Bieler et al. (C. C. A.) 295 F. 78; Harney Shoes, Inc., v. National Fabric & Finishing Co. et al. (C. C. A.) 44 F.(2d) 517; Kay v. Federal Rubber Co. et al. (C. C. A.) 46 F.(2d) 64.

The court on page 858 of 5 F.(2d) in Re Cleveland Discount Company, supra, said: "An amendment may be allowed at any stage in the proceedings as justice may require. The power of the court is not limited in this respect. * * * All of these defects, jurisdictional defects, may be cured by an amendment filed at any time, even though it be more than four months after the act of bankruptcy alleged in the original petition, and the amendment is held to relate back to the filing of the original petition."

In the case of In re Fidelity Savings & Loan Association (D. C.) 53 F.(2d) 241, on page 243, it is said: "That the original petition is defective in substantial particulars we have no doubt. We are equally certain that the petitioning creditors are not entitled, as a matter of right, to file an amended petition, but that, on the contrary, the granting or denial of permission to file the same is a matter which rests in the sound discretion of the court."

In Volume 7, Corpus Juris, § 132, page 79, it is said: "Amendments may be made at any stage of the proceedings, regardless of the time which has elapsed, if otherwise authorized; and when made, relate back to the time of the filing of the original petition."

It seems the Circuit Court of Appeals of this Circuit has been even more liberal with reference to the authority vested in courts to permit amendments in bankruptcy proceedings than the courts generally in the country. One of the leading cases which has often been quoted with approval is that of In re Shoesmith (C. C. A.) 135 F. page 684, on page 688, where the court said: "It it contended that because the first petition filed by the creditor was defective, and a sufficient amended petition was filed more than four months after the last fraudulent transfer of the property, the court had no power to permit an amendment, and was therefore without jurisdiction to entertain the proceedings. The district court had jurisdiction of the parties. It had jurisdiction of the subject-matter. It has general and

exclusive jurisdiction of bankruptcy proceedings. The objection goes to the want of equity exhibited by the petition, not to the want of power in the court. There was jurisdiction to determine the sufficiency of the petition, and it was complete to permit any amendment. The jurisdiction in such cases comes from the statute, and is not conferred by the accuracy and precision of the averments made in the petition. (Citing cases.) And the amendment, when filed, relates to and takes effect as of the date of the filing of the original petition."

In Chicago Motor Vehicle Company v. American Oak Leather Co. et al., 141 F. 518, on page 520, the opinion rendered by the Court of Appeals of this Circuit, where the right of the District Court to permit a petition to be amended was raised, the court said: "The case in that respect is ruled by the decision of this court in Re Shoesmith, 135 F. 684, 688, 68 C. C. A. 322, and the allowance was within the judicial discretion, whether necessary or unnecessary at that stage."

In the case of Morrison v. Rieman, 249 F. 97, on page 102, an opinion by the Court of Appeals of this Circuit, it is said: "The general power to permit amendments within sound discretion inheres in bankruptcy as well as in other courts."

In re Pangborn (D. C.) 185 F. 673, it was held that where a petition alleges insolvency only at time of filing petition, it may be amended to show insolvency at the time of the commission of the alleged act of bankruptcy.

In the 11th Edition of Collier on Bankruptcy, page 1197, in commenting upon the effect of General Order in Bankruptcy No. 11, it is said: "This power of amendment is substantial and conferred for effecting the broad purposes of the Act, and is not confined to niceties of diction or other immaterial or merely formal matters. To hold that it does not embrace the insertion of material and essential averments in any stage of the proceedings before judgment would reduce it to a shadow."

In Re Hollywood Land & Water Co. (D. C.) 41 F.(2d) 778, on page 779, Remington on Bankruptcy is quoted as follows: "There is a right of amendment to an ineffective and inefficient petition in bankruptcy, and the courts are as lenient in this respect as in reference to pleadings in other cases. There must be something, however, in the original petition by which to amend. The right to amend can go no further than to bring forward and to make effective that which in some form is already there."

In Harney Shoes, Inc., v. National Fabric & Finishing Co. et al., supra, the court on page 518 of 44 F.(2d), said: "The general allegation of preferences to persons unknown, while insufficient, was amendable, as held by the Court of Appeals in the Second Circuit in Bradley v. Huntington, 277 F. 948. The defect was not jurisdictional. If the respondent had seasonably asked for a hearing on the motion to dismiss, it might perhaps have been granted, but with leave to amend."

In Re Yellow Motor Company of St. Louis (C. C. A.) 34 F.(2d) 118, on page 120, the court said: "On the other hand, if the original pleading is sufficiently specific to identify the cause of action, however defective and imperfect it may be, and it appears that the amended pleading introduces no new cause of action, but merely enlarges, amplifies, or makes more definite and certain the allegations of the original pleading with reference to the same cause of action, then the amended pleading ought to relate back to the date of the filing of the original pleading."

It would serve no useful purpose to quote further what the courts have said with reference to the power of the court to permit amendments in bankruptcy proceedings. It seems to me, however, that the power is clearly vested in the court, subject, of course, to the exercise of a sound discretion. A reading and study of the many cases cited by counsel for the respective parties, while apparently disclosing a considerable conflict among the various courts, are convincing that the opinions in the various cases have rested largely upon the particular facts in the case, under consideration.

It can also be said that most of the cases lay down a general rule, often expressly referred to as such, applicable to an ordinary case. No case is cited where the facts are even similar to those in the present case, and I doubt if such facts have before been presented to a court. It is not an ordinary case where a general rule might be controlling.

If the court does not have the authority to permit an amendment such as is sought, Equity Rule 19 (28 USCA § 723) and General Order in Bankruptcy No. 11 (11 USCA § 53), with reference to amendments, are idle gestures, and, as was said concerning the latter by Collier on Bankruptcy, supra, "would reduce it to a shadow."

It is true, of course, there must be something on which to base an amendment, but to hold that the original petition can only be amended with reference to technical and informal matters and that amendments of a substantial or material matter cannot be permitted, would circumvent the intention of the rule and would likewise deprive the court of the right to do equity and justice between parties involved. It is true and conceded that the original petition is not sufficient and that it omits essential and material averments; it is likewise plain to me that the amendment sought to be made describes the same act of bankruptcy as was sought to be set forth in the original petition. Each charges A. B. Claudon with committing an act of bankruptcy within four months; each charges the act to have been committed on the same day; and each charges that it was committed by permitting attachments to be levied upon his property in the same court and in the same county.

■ Having concluded that the authority to permit this amendment is vested in the court, it seems to me that the ends of justice require that the court's discretion should be exercised in allowing the amendment. What harm can be done this alleged bankrupt estate by permitting such action? It may result, it is true, in the application of the assets to meet the provable claims filed against it; certainly this is what the law intends should be done. On the other hand, to refuse the petitioning creditors the right to amend and dismiss the petition would mean that all the proceedings heretofore had are declared null and void. If no one was concerned except the petitioning creditors, a different situation might be presented, so far as the exercise of the court's discretion in this matter is concerned, for they are at least partly responsible for the predicament in which they find themselves. However, numerous parties relying upon the legality of this proceeding have acquired and been divested of property rights which they otherwise would have had or not lost. Attaching creditors have lost their liens on the property of the bankrupt estate; creditors whose claims have been filed in the court of bankruptcy against this estate would lose their rights, and it is apparent under the Illinois law, it would be too late for them to file their claims in the probate court against the estate of the alleged bankrupt. The trustee, who, so far as this court knows, has acted in the utmost good faith, under bond and under the supervision of this court, might be in a serious predicament.

To dismiss the petition and hold that all proceedings in this bankruptcy matter are null and void, it seems to me, would mean that all the estate would be turned over to the administrator and the heirs, free of debts and claims, and. the creditors and others who have acquired rights would be left without any recourse whatever.

■ As some of the opinions heretofore quoted have said: "The Court has jurisdiction of the parties and the subject matter" and it likewise has the authority and duty to do justice between the parties. The proceedings in this case convince me that the alleged bankrupt in his lifetime, as well as some members of his family who are now interested as his heirs, have played "hide and seek" with the court, and should not at this late day be permitted to take that which by law belongs to the creditors. I realize that the result which the court anticipates might follow, should the petition to dismiss be allowed, has no bearing upon the question as to whether or not the court is vested with the power to permit this amendment, but having determined that that power rests in the court, the result which might be expected to follow in such event, it seems to me, is not only material, but controlling upon the court in the exercise of a discretion which will do, so far as lies within the power of this court, justice to the parties concerned.

The motion by respondent to dismiss the original petition is therefore denied and the motion by the petitioning creditors for leave to amend the original petition will be allowed as requested, and the same will date back and be effective as of the date of the filing of the original petition.