## In re BENDER BODY CO.

**MIDLAND STEEL & EQUIPMENT CO.**
**et al. v. WELLS.**

No. 9423.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1943.

See, also, 47 F.Supp. 224, 867.

B. D. Nicola, of Cleveland, Ohio (Nicola & Horn and B. D. Nicola, all of Cleveland, Ohio, on the brief), for appellants.

Paul Clarke, of Cleveland, Ohio (Henry B. Johnson and Paul Clarke, both of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

On October 7, 8 and 9, 1941, appellee, Hugh Wells, Trustee in Bankruptcy of the Bender Body Company, sold certain property of the bankrupt at auction. Appellants, Midland Steel & Equipment Company, and Michael Tauber & Company, by their representatives, entered into competitive bidding and as highest bidders became the purchasers of three lots of second-hand machine tools. Their bids were approximately $5,000 in excess of the "ceiling" prices established by the Office of Price Administration. Four days later the Administrator of the O.P.A. filed a motion and petition to intervene in the bankruptcy proceeding, praying that confirmation of the sale be denied to the extent that the sales prices exceeded the maximum permitted by Price Schedule No. 1 as amended. Following this motion and petition the Administrator and appellee entered into a stipulation in which appellee agreed to set aside a fund from the assets of the bankrupt sufficient to refund to appellants and other purchasers such amounts as they had paid in excess of the ceilings established by the price schedule and to refund such excess if it should be determined that the price schedules were applicable to the sale.

On October 15, 1941, the Referee in Bankruptcy confirmed the sale but ordered that $20,000 be set apart pursuant to the stipulation. Thereupon appellants paid to the trustee the amount of their bid and the property purchased was delivered to them. On December 19 following, the Referee dismissed the Administrator's motion and petition and directed the release of the segregated fund; and on December 29 following, the Administrator filed a petition for review by the District Court as provided by Sec. 39, sub. c. of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. This section, in so far as it is material here, is as follows: "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. * * *"

Appellants never challenged the Referee's order of October 15 or that of December 19 and never at any time filed a petition for review of either as required by Sec. 39, sub. c, B. A.

On January 5, 1942, the Referee certified the record to the court upon the Administrator's petition to review.

On March 20, 1942, three months after the order of December 19, 1941, and five months after the confirmation of the sale, appellants sought to intervene and asked the court, among other things: to review the Referee's order of December 19; to declare that the confirmation of the sale, to the extent that the sales prices were in excess of the ceiling prices and without basis in law; and to order repayment to appellants of approximately $5,000 which they had paid to the trustee in excess of ceiling prices. Appellants claimed to be entitled to intervene under the provisions of Rule 24(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We quote this rule as follows, to wit: "24(a). Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

Appellee objected to the intervention of appellants, pointing out that appellants, as alleged parties aggrieved, were required by Sec. 39, sub. c, to file their petition to review within ten days after the order complained of or "within such extended time as the court may *for cause shown* allow." (Italics ours.) This contention of appellee has merit. Sec. 39, sub. c accords with the general policy of the Bankruptcy

130

Act to bring proceedings thereunder to a speedy conclusion. Pfister v. Northern Ill. Finance Corp. et al., 7 Cir., 123 F.2d 543, 544. Just why appellants by-passed Sec. 39, sub. c, is not clear. They either slept upon their rights, or, as intimated in the briefs, relied upon the petition to review filed by the Administrator (which was finally dismissed by consent of the Administrator and appellee) as sufficient to relieve them from the requirements of Sec. 39, sub. c. But in either event, we think they may not rely upon his petition to review to protect their rights. See In re L. & R. Wister & Co., 3 Cir., 237 F. 793.

 The controlling question here is, whether appellants are entitled to intervene under Rule 24(a) of the Rules of Civil Procedure upon which they rely. General Order in Bankruptcy 37, 11 U.S.C.A. following section 53, requires that Rule 24(a) shall be followed as nearly as may be in so far as it is not inconsistent with the Bankruptcy Act. But appellants' difficulty is that Rule 24(a) is inconsistent with Sec. 39, sub. c, which requires a person aggrieved by an order of a referee to file his petition for review within ten days after the entry thereof, etc. We do not think that it was the purpose of General Order 37 to substitute Rule 24(a) for the restrictive provisions of Sec. 39, sub. c; and the right to intervene "upon timely application," to be determined of course by the exercise of judicial discretion, does not supersede the statutory petition for review.

Finally, the argument is presented that in any event appellants were entitled to intervene to have the court determine the application of the price ceiling regulations to their high bid. In the absence of a proviso for such intervention in a statute or in the regulations themselves, and we are pointed to none, it would appear that the right must rest in the sound discretion of the court. Pfister v. Northern Ill. Finance Corp. et al., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146. Measured by this criterion, we think the trial court's action was proper. Appellants were aware of the price ceilings at the time of the auction and knowingly bid in excess thereof. The sale was confirmed and for over five months they remained satisfied with their status as successful bidders. The purpose of their petition for intervention is to urge their claim to a refund of the excess bid over the ceiling. They do not suggest a vacation of the sale or offer to return the goods which would have put them on an equal footing with other bidders. Their attempt, five months after the sale, to invoke the regulations for the purpose of reducing the cost to themselves of their bid to the disadvantage of competing bidders does not appeal to us as either "timely" or equitable.

"The Bankruptcy Court is a court of equity and is guided by equitable doctrines and principles. Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281; Securities Comm. v. United States Realty Co., 310 U.S. 434, 455, 60 S.Ct. 1044, 84 L.Ed. 1293." In the Matter of Erie Railroad Co., Debtor, 6 Cir., 133 F.2d 730, 732.

During the progress of the proceedings the court on three successive occasions disallowed appellants' application and we find no sufficient reason to disturb its action.

Affirmed.