Robert WOLF
vs.
HARBOR NATIONAL BANK,
David SLATER, The UNITED
STATES BANKRUPTCY COURT,
The UNITED STATES of AMERICA

Civ. A. No. 80-1873-S

United States District Court
D. Massachusetts

January 22, 1981

Monroe L. Inker, Frederick B. Hayes III for the plaintiff.
C. Hall Swaim for the defendant.

## MEMORANDUM AND ORDER

SKINNER, D.J. Plaintiff Robert Wolf seeks a declaratory judgment that the Bankruptcy Reform Act of 1978 [1978 Reform Act] is unconstitutional. The case is presently before me on Wolf's motion to enjoin defendants Harbor National Bank and David Slater from prosecuting an action they brought against Wolf under the 1978 Reform Act.

On October 16, 1979, the Harbor National Bank of Boston and David Slater filed an involuntary petition in bankruptcy against Robert Wolf pursuant to § 303 of the Bankruptcy Code, 11 U.S.C. § 303. The case was brought before United States Bankruptcy Judge Thomas Lawless in the court of bankruptcy for the District of Massachusetts. The alleged debtor, Wolf, filed an answer and counterclaim on April 10, 1980. Simultaneously, he filed a motion for abstention requested the bankruptcy court to refrain from exercising jurisdiction pending completion of a state court action between Wolf and the petitioning creditors. The motion to dismiss was based on two grounds: first, Wolf argued that by failing to give the judges of the new United States Bankruptcy Courts lifetime tenure and irreduceable compensation,[1] the 1978 Reform Act violates Article III of the Constitution; second, he claimed that 11 U.S.C. § 303(h)(1), which allows the entry of an order of relief against the debtor "if the debtor is generally not paying such debtor's debts as such debts become due", is vague and therefore in violation of the Fifth Amendment.

Before the Bankruptcy court took any action on Wolf's motions to abstain and dismiss, Wolf brought the present case for declaratory and injunctive relief in this court. Wolf seeks to have this court decide the very issues he placed before the bankruptcy court, i.e., whether the 1978 Reform Act violates Article III by delegating the judicial power of the United States to non-Article III tribunals and whether 11 U.S.C. § 303(h)(1) is void for vagueness. The bankruptcy court has not yet ruled on Wolf's motions.

The defendants argue that this court should not accept jurisdiction of plaintiff's action for declaratory relief and, accordingly, move to dismiss. I agree. The present posture of the parties' dispute does not permit the exercise of either appellate or original jurisdiction.

Appellate jurisdiction does not exist because the bankruptcy court has not yet issued an order on Wolf's motion to dismiss. This court has discretionary jurisdiction of appeals from interlocutory orders of the bankruptcy court, 28 U.S.C. § 1334(b), and mandatory jurisdiction of appeals from final judgments, 28 U.S.C. § 1334(a).[2]

[1]Beginning April 1, 1984, bankruptcy judges will be appointed by the President. 28 U.S.C. § 152. They will serve for a period of 14 years. 28 U.S.C. § 153(a). The provision dealing with their salary does not restrict Congress from reducing it. 28 U.S.C. § 154.

[2]This court has jurisdiction over such appeals only because the Court of Appeals ordered application of 28 U.S.C. § 160, creating appellate bankruptcy panels, for cases commenced after March 1, 1980. All cases filed prior to that date are subject to appellate review by the district courts.

Until an order is issued, however, there is nothing for this court to review.

Original jurisdiction is inappropriate because a party may not use an action for declaratory relief as a substitute for appeal. Nolan v. Judicial Council of Third Circuit, 346 F.Supp. 500, 512 (D. N.J. 1972), aff'd, 481 F.2d 41 (3d Cir.), cert. denied, 414 U.S. 880 (1973); MacNeil v. Gargill, 231 F.2d 33 (1st Cir.), cert. denied, 352 U.S. 833 (1956). Wolf's constitutional challenge to the 1978 Reform Act is currently before the bankruptcy court in the form of a motion to dismiss. Once that court decides his motion, he may bring an appeal. He may not, however, by-pass the appellate procedures set out in the 1978 Reform Act by bringing a declaratory action.

Wolf's only recourse, therefore, is to await the decision of the bankruptcy court on his motion to dismiss. Accordingly, defendants' motion to dismiss is ALLOWED.

Although I do not reach the merits of this case, one comment is appropriate. The parties have addressed the question of whether the 1978 Reform Act violates Article III as if the new United States Bankruptcy Courts mandated by the Act were already in existence. In fact, Title IV of the 1978 Reform Act provides for a "transition period" from October 1, 1979, the effective date of repeal of the Bankruptcy Act of 1898, to March 31, 1984. During this period, the courts of bankruptcy that existed under the Bankruptcy Act of 1898 continue in effect, with some changes. It is to this transition structure, and not the new bankruptcy courts, that the parties should be directing their constitutional arguments.

Walter Jay Skinner
U.S. Dist. Judge